UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORIYAH HAMELL,

    Plaintiff,

v

RIVER ROUGE SCHOOL DISTRICT, MARK WHITE and DERRICK COLEMAN,

    Defendants.
_____/

Judge
Magistrate Judge
No. 24-11074

| | |
|---|---|
| RENETTE JACKSON (P69002)<br>*Attorney for Plaintiff*<br>26677 W. 12 Mile Road<br>Southfield, MI 480340<br>(248) 910-5415<br>arjackson@ajatlaw.net | TIMOTHY J. MULLINS (P28021)<br>CHRISTOPHER D. MESSING (P78900)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>*Attorneys for Defendants, River Rouge School District and Coleman*<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>cmessing@gmhlaw.com |

_____

## NOTICE OF REMOVAL

Defendants, RIVER ROUGE SCHOOL DISTRICT and DERRICK COLEMAN, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., file this Notice of Removal for the following reasons:

1. This Notice of Removal is being filed pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. On April 16, 2024, Plaintiff served Defendants with a Complaint that was filed on April 9, 2024 in the Wayne County Circuit Court (**Exhibit A**, Complaint).

3. The action pending in Wayne County Circuit Court has the Case Number 24-005251-NO. The Wayne County Circuit Court, which is located in Detroit, Michigan, is within the Southern Division of the Eastern District of Michigan; therefore, this matter was removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4. Plaintiff's Complaint alleges the following causes of action:

    a. Count I: Assault and Battery

    b. Count II: Title IX Violation

    c. Count III: Violation of Constitutional Due Process

    d. Count IV: Violation of the Elliott-Larsen Civil Rights Act

5. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, which provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Count II alleges a violation of Title IX, 20 U.S.C. § 1681, et seq. and Count III alleges violations of the U.S. Constitution, specifically the 14th Amendment, both of which are actions arising under the Constitution and laws of the United States.

7. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, which grants this Court supplemental jurisdiction because the events arise out of the same transaction and occurrence.

8. This Notice is filed with the Court within 30 days after service of the Complaint on Defendants.

9. Contemporaneous with this filing, Defendants have filed a Notice of Filing of Notice of Removal in the Wayne County Circuit Court and provided notice to Plaintiff, as the Adverse Party, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants, RIVER ROUGE SCHOOL DISTRICT and DERRICK COLEMAN, respectfully request that the Court exercise jurisdiction over this matter and that the above-captioned matter be removed from Wayne County Circuit Court and into the United States District Court for the Eastern District of Michigan, Southern Division.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants River Rouge School
 District and Coleman
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280

                                      (248) 457-7020  
                                      tmullins@gmhlaw.com  
                                      P28021

DATED:  April 23, 2024

# EXHIBIT A

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**MORIYAH HAMELL**

                **Plaintiff,**

v                                             Case No. NO
                                              Judge

**RIVER ROUGE SCHOOL DISTRICT, MAR WHITE, DERRICK COLEMAN,**

                **Defendants.**

_____/

**Renette Jackson (P69002)**
**Attorney for Plaintiff**
**26677 W.12 Mile**
**Southfield, MI. 48034**
Arjackson@ajatlaw.net
**248-910-5415**

_____/

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Moriyah Hamell, by and through her attorney RENETTE JACKSON, and hereby respectfully requests jury trial in the above captioned matter.

Dated: April 8, 2024

                                          ATTORNEYS AT LAW, PLLC.

                                          /s/ Renette Jackson
                                          Attorney Renette Jackson (P69002)
                                          Attorney for Plaintiff
                                          26677 W. 12 Mile Road
                                          Southfield, MI. 48034
                                          248-910-5415
                                          Arjackson@ajatlaw.net

Document received by the MI Wayne 3rd Circuit Court.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**MORIYAH HAMELL**

                               **Plaintiff,**

v                                                           Case No. NO
                                                          Judge

**RIVER ROUGE SCHOOL DISTRICT,
MARK WHITE, DERRICK COLEMAN,**

                               **Defendants.**

_____/

**Renette Jackson (P69002)
Attorney for Plaintiff
26677 W.12 Mile
Southfield, MI. 48034
Arjackson@ajatlaw.net
248-910-5415**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
There is no other pending or resolved
civil action arising out of the transaction
or occurrence alleged in the Complaint.

/s/Renette Jackson
RENETTE JACKSON (P69002)

     **NOW HERE COMES** Plaintiff Moriyah Hamell, by and through her attorney Renette Jackson, Esq., and for her Complaint and Demand for Jury Trial now states the following:

1. This circuit court has jurisdiction over this civil case without regard to the amount sought in damages because this case is brought under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 et seq., as well as under Title IX of the Education Amendments of 1972 (Title IX), 20 USC 1681 et seq., and other state and federal law.

2. Plaintiff Moriyah Hamell (hereinafter " Hamell") is a resident of the city of Detroit, County of Wayne.

3. Plaintiff Moriyah Hamell is an adult.

4. Hamell was a minor at the time of the occurrence outlined in this Complaint.

5. Hamell was a student at River Rouge High School in the City of River Rouge, county of Wayne.

6. River Rouge High School is a high school in this county.

7. Defendant River Rouge School District operates the high school.

8. Defendant Mark White (hereinafter "Defendant White") resides in this county and was employed as the basketball coach at River Rouge High School.

9. Defendant Derrick Coleman (hereinafter "Defendant Coleman") resides in this county and is/was employed as superintendent for River Rouge School District.

10. This cause of action arose in this county.

11. Defendant White is the coach of the River Rouge High School basketball team.

12. Plaintiff Hamell was on the girl's basketball team.

13. Defendant White trained and practiced with Plaintiff during school hours and after school hours.

14. Defendant White began taking Hamell to basketball games and training facilities after school hours.

15. Defendant White complimented Hamell on her looks on several occasions during school hours.

16. Defendant White took Hamell to off-campus basketball games after school hours.

17. Hamell looked to Defendant White as a coach, trainer and mentor.

Document received by the MI Wayne 3rd Circuit Court.

18. That on or around Fall of 2017, after a late game, Defendant White offered to allow Hamell to spend the night at his home since it was late.

19. Defendant White and his family were present at the home during the night.

20. That early the next morning Hamell was awakened by Defendant White on top of her body touching her vaginal area with his bare hand, and her breast was in his mouth.

21. Defendant White said to Hamell "let me see how it taste."

22. Hamell discouraged, rejected and objected to Defendant White's touching and conduct.

23. Defendant White got up and left the room.

24. Hamell ran out of the room into another room.

25. Defendant White's sexual touching, and conduct were a violation and offensive to Hamell and would have been a violation and offensive to a reasonable person.

26. Students and team members began saying Defendant White and Hamell were having an affair.

27. These circumstances created a sexually hostile environment and was sexual harassment.

28. Hamell complained to Tony Mack, a teacher employed at River Rouge High School, such that the River Rouge High School and the Defendant River Rouge School District and Defendant Derrick Coleman had or should have had actual knowledge of Defendant White's sex assault, discrimination and sexual harassment.

29. River Rouge High School, Defendant Derrick Coleman and Defendant River Rouge School District, and others took no action to investigate or to protect Hamell despite having actual knowledge of Defendant White's sex assault, discrimination and sexual harassment.

30. As a proximate result, Hamell became very isolated from teachers and students.

Document received by the MI Wayne 3rd Circuit Court.

31. Hamell has suffered and continues to suffer mental and emotional distress, post traumatic stress disorder, depression, anxiety and suicidal thoughts that have adversely impacted her ability to heal and engage in a fully functional life and relationships.

### Count I: Assault and Battery

32. Hamell incorporates by reference paragraphs 1–31.

33. Defendant White committed an assault and battery on Hamell in the manner stated above.

34. Defendant White's assault and battery caused Hamell the above loss and damage.

### Count II: Title IX Violation

35. Plaintiff incorporates by reference paragraphs 1–34.

36. Defendant White, and Defendant River Rouge School District, supervised by Defendant Derrick Coleman, owed Hamell duties under Title IX, 20 USC 1681 et seq.

37. Those duties included not to engage in and be deliberately indifferent to known sex assault, sexual harassment, and other sexual misconduct.

38. Defendant River Rouge School District and Defendant Derrick Coleman had actual knowledge of, but were recklessly and deliberately indifferent to, Defendant White's sex discrimination, assault and sexual harassment against Hamell.

39. Defendants failed to provide Hamell relief from Defendant White's known misconduct.

Document received by the MI Wayne 3rd Circuit Court.

40. Defendant White's conduct and the failures of Defendant Derrick Coleman and Defendant River Rouge School District to prevent it and protect against it caused and required Hamell to withdraw from teachers, avoid certain school activities, loose friends and to be subjected to continuous rumors and harassment.

41. Defendant Derrick Coleman and Defendant River Rouge School District discriminated against Hamell on the basis of sex and made Hamell's submission to sexual harassment a quid pro quo of obtaining schooling because Hamell could not get educational experience without sexual harassment.

42. Defendant White, and Defendant River Rouge School District and Defendant Derrick Coleman violated their duties under Title IX, causing Hamell the above loss and damage.

## Count III: Violation of Constitutional Due Process

43. Hamell incorporates by reference paragraphs 1–42.

44. State compulsory attendance laws required that Hamell attend school.

45. Defendant White, Defendant River Rouge School District and Defendant Derrick Coleman, in their individual capacities, were acting under color of law as to Hamell.

46. Hamell had a Fourteenth Amendment civil right to due process and to equal protection as to sex, including the rights to attend school activities without sexual assault and harassment, to be protected from sexual assault, and to be protected from the denial of due process and equal protection.

47. Hamell's civil rights were violated as stated above on the basis of her sex and without due process of law, causing her the above loss and damage, for which Defendant White, Defendant River Rouge School District and Defendant Derrick Coleman are liable to her for compensatory and punitive damages under 42 USC 1983.

### Count IV: Violation of the Elliott-Larsen Civil Rights Act

48. Hamell incorporates by reference paragraphs 1–47.

49. Defendant White, and Defendant River Rouge School District and Defendant Derrick Coleman had duties under the ELCRA, including the duty not to discriminate against or harass Hamell on the basis of sex and not to maintain a sexually hostile environment.

50. Defendant White and Defendant River Rouge High School were Defendant River Rouge School District, and Defendant Derrick Coleman's agent for purposes of these duties.

51. Defendant White, and Defendant River Rouge School District, and Defendant Derrick Coleman violated those duties in the ways described above and discriminated against Hamell based on her sex, causing her the above loss and damage.

WHEREFORE, Hamell, respectfully requests judgment in her favor and against all all Defendants Mark White, and River Rouge School District and Derrick Coleman for all amounts to which Plaintiff is found entitled and for all other legal and equitable relief provided for by law, together with costs and attorney fees under 42 USC 1988 and other rules and law.

Document received by the MI Wayne 3rd Circuit Court.

ATTORNEYS AT LAW, PLLC.

Dated: April 8, 2024

/s/ Renette Jackson
Attorney Renette Jackson (P69002)
Attorney for Plaintiff
26677 W. 12 Mile Road
Southfield, MI. 48034
248-910-5415
Arjackson@ajatlaw.net

Document received by the MI Wayne 3rd Circuit Court.