# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MORIYAH HAMELL,

    Plaintiff,

v.

RIVER ROUGE SCHOOL DISTRICT, MARK WHITE and DERRICK COLEMAN,
Defendants.

Case No.: 24-11074

Hon. Shalina D. Kumar

---

| | |
|---|---|
| RENETTE JACKSON (P69002)<br>*Attorney for Plaintiff*<br>26677 W. 12 Mile Road<br>Southfield, MI 480340<br>(248) 910-5415<br>arjackson@ajatlaw.net | TIMOTHY J. MULLINS (P28021)<br>CHRISTOPHER D. MESSING (P78900)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>*Attorneys for Defendants, River Rouge School District and Coleman*<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>cmessing@gmhlaw.com<br><br>David Nacht (P47034)<br>Fabiola Galguera (P84212)<br>*Attorneys for Defendant Mark White*<br>501 Avis Drive, Suite 3<br>Ann Arbor, MI 48108<br>(734) 663-7550<br>dnacht@nachtlaw.com<br>fgalguera@nachtlaw.com |

---

**DEFENDANT MARK WHITE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COMES Defendant Mark White, by and through his attorneys, NACHTLAW, P.C., and respectfully submits this Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). In support, Mr. White states the following:

1. Plaintiff filed her complaint in the Third Judicial Circuit Court in Wayne County, Michigan on April 9, 2024.

2. The matter was removed to this Court on April 23, 2024 upon the filing of a Notice of Removal by Defendants River Rouge School District and Derrick Coleman.

3. The complaint consists of four counts labelled "Assault and Battery," "Title IX Violation," "Violation of Constitutional Due Process," and "Violation of Elliott-Larsen Civil Rights Act."

4. All four of these counts are improperly pled and fail to state a claim upon which relief can be granted.

5. Not only are these counts improperly pled, but every single count is far beyond its respective statute of limitations.

6. Pursuant to Fed. R. Civ. P. 12(b)(6), this Court should dismiss Plaintiff's complaint in its entirety.

7. Mr. White further relies on the following Brief in Support.

8. On May 20, 2024, the undersigned's office sought concurrence in this

Motion, and attorney Renette Jackson advised that Plaintiff does not concur.

WHEREFORE, for the reasons stated above and in the following Brief in Support, Mr. White respectfully requests that this Court GRANT his Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

        Respectfully submitted,

        **NACHTLAW, P.C.**

        By: /s/ David A. Nacht
        David A. Nacht (P47034)
        *Attorney for Defendant Mark White*

Dated: May 20, 2024

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 20, 2024, the foregoing Motion was filed with the Clerk of Court using the ECF system, which sends notification of such filing and service of said documents to all parties registered with ECF, through their counsel of record.

        /s/ *Karina Alvarez Pimentel*
        Karina Alvarez Pimentel
        Litigation Manager

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MORIYAH HAMELL,                                   Case No.: 24-11074

      Plaintiff,                                Hon. Shalina D. Kumar

v.

RIVER ROUGE SCHOOL DISTRICT, MARK
WHITE and DERRICK COLEMAN,
Defendants.

| | |
|---|---|
| RENETTE JACKSON (P69002)<br>*Attorney for Plaintiff*<br>26677 W. 12 Mile Road<br>Southfield, MI 480340<br>(248) 910-5415<br>arjackson@ajatlaw.net | TIMOTHY J. MULLINS (P28021)<br>CHRISTOPHER D. MESSING<br>(P78900)<br>GIARMARCO, MULLINS &<br>HORTON, P.C.<br>*Attorneys for Defendants, River Rouge*<br>*School District and Coleman*<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>cmessing@gmhlaw.com<br><br>David Nacht (P47034)<br>Fabiola Galguera (P84212)<br>*Attorneys for Defendant Mark White*<br>501 Avis Drive, Suite 3<br>Ann Arbor, MI 48108<br>(734) 663-7550<br>dnacht@nachtlaw.com<br>fgalguera@nachtlaw.com |

# DEFENDANT MARK WHITE'S BRIEF IN SUPPORT OF HIS MOTION
# TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES Defendant Mark White, by and through his attorneys, NACHTLAW, P.C., and respectfully submits this Brief in Support of his Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P.

## I. STATEMENT OF RELEVANT FACTS

Plaintiff filed a complaint in the Third Judicial Circuit Court of Michigan on April 9, 2024. [ECF No. 1, PageID 7-13] The complaint contains four counts, labelled Assault and Battery, Title IX Violation, Violation of Constitutional Due Process, and Violation of Elliott-Larsen Civil Rights Act. *Id.* The complaint contains a *single date*, alleging that "that on or around Fall of 2017" while at Mr. White's home, Mr. White entered a room she was staying in and touched her vaginal area and breasts. *Id.* The complaint further fails to identify whom the claims are against, leaving Mr. White to assume that all claims apply to him. *Id.*

Not only has Plaintiff failed to sufficiently and properly plead the counts in the complaint, every single claim has expired, as the statutes of limitations have long since passed.

## II. ARGUMENT

### a. Legal Standard

"[A] party may assert the following defenses by motion: [...] failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion under the aforementioned rule, the court must "accept all of the complaint's

1

factual allegations as true and determine whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024), citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "'Threadbare recitals of the elements of a cause of action' and 'conclusory statements' won't do." *Caraway v. CoreCivic of Tennessee, LLC*, 98 F.4th 679, 683 (6th Cir. 2024), quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"[A] motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

b. **Count I – Assault and Battery**

"A battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Lakin v. Rund*, 318 Mich. App. 127, 131, 896 N.W.2d 76, 78 (2016), quoting *People v. Reeves*, 458 Mich. 236, 580 N.W.2d 433 (1998). "Further, because an attempt to commit a battery will establish an assault, 'every battery necessarily includes an assault because a battery is the very 'consummation of the assault.'" *Id.* [internal

2

citations omitted]. "While the common law did not require proof of intent, Michigan requires proving the 'intent to injure in order to establish an assault and battery.'" *Id.*, quoting *People v. Datema*, 448 Mich. 585, 599, 533 N.W.2d 272 (1995). Pursuant to MCL § 600.5805, claims "for assault and battery normally must be brought within two years after they accrue." *Lemmerman v. Falk*, 449 Mich 56, 63-64 (1995); § 600.5805(3). A claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when the damage results." *Id*. at 64, citing MCL § 600.5827.

Plaintiff's complaint contained a single event that Mr. White may presume is the alleged assault and battery referenced in this count, which is the aforementioned event occurring on or about Fall of 2017. Plaintiff's complaint simply states:

> 32. Hammell incorporates by reference paragraphs 1-31.
>
> 33. Defendant White committed an assault and battery in the manner stated above.
>
> 34. Defendant White's assault and battery caused Hammell the above loss and damage.

[ECF No. 1, PageID 10]. Plaintiff's complaint leaves Mr. White to guess when the alleged assault and battery and what the exact contact is that is considered to be the assault and battery. Plaintiff fails to allege that the supposed contact was done with the intent to cause harm.

3

Even if Plaintiff pled this count properly, and assuming that the alleged conduct is the event from the fall of 2017, Plaintiff's claim is far beyond the statute of limitations. With a two-year statute of limitations, Plaintiff's claim would have to have been brought by the fall of 2019. It is the year 2024, nearly *seven* years after the alleged conduct occurred. Plaintiff cannot even rely on tolling exceptions made during the COVID-19 pandemic by state administrative order because her claim expired before the pandemic even started. Plaintiff fails to claim any additional conduct that would have occurred between April 9, 2022 and April 9, 2024 and, therefore, she has failed to state a claim upon which relief may be granted by this Court.

### c. Count II – Title IX Violation

There are various types of claims that may be brought under Title IX; Plaintiff's complaint completely fails to properly allege what kind of Title IX violation is being claimed. Once again, left to assume, it seems that Plaintiff is trying to bring a hybrid deliberate indifference and discrimination claim. For the purposes of this Motion, Mr. White addresses both potential theories.

Critically, before addressing Plaintiff's failure to plead, "Title IX does not provide for individual liability; only 'a recipient of federal funds may be liable in damages under Title IX' and 'only for its own misconduct.'" *Bose v. Bea*, 947 F.3d 983, 988 (6th Cir. 2020), citing *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629,

119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). Mr. White cannot be held individually liable for Title IX violations, and this count should be dismissed as it applies to Mr. White. Furthermore, the statute of limitations for a Title IX claim has passed. Title IX's statute of limitations is derived from a state's personal injury statute of limitations. *See Synder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (2022). Per MCL 600.5805, the personal injury statute of limitations is three years. Plaintiff fails to allege any wrongdoing or potential Title IX violations occurring between April 9, 2021 and April 9, 2024. Based on the statute of limitations alone, this claim – if being brough against Mr. White – should be dismissed.

### i. Deliberate Indifference under Title IX

"Title IX '[u]nquestionably' encompasses a 'duty not to permit teacher-student harassment[,] ... and recipients [of Federal financial assistance] violate Title IX's plain terms when they remain deliberately indifferent to this form of misconduct.'" *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir.), cert. denied, 143 S. Ct. 444, 214 L. Ed. 2d 253 (2022), quoting *Davis,* 526 U.S. In order to bring a deliberate indifference claim under Title IX, "a plaintiff must 'demonstrate that an official of the institution who had authority to institute corrective measures had actual notice of, and was deliberately indifferent to, the misconduct.'" *Doe v. Miami Univ.*, 882 F.3d 579, 590 (6th Cir. 2018), quoting *Mallory v. Ohio Univ.*, 76 Fed.Appx. 634 (6th Cir. 2003). A plaintiff must plead "(1) institutional knowledge;

5

(2) an act of sexual harassment; (3) consequent injury; and (4) causation." *Wamer*, 27 F.4th at 465. "[A] plaintiff can satisfy the causation requirement by showing that (1) following the school's unreasonable response (2) (a) the plaintiff experienced an additional instance of harassment or (b) an objectively reasonable fear of further harassment caused the plaintiff to take specific reasonable actions to avoid harassment, which deprived the plaintiff of the educational opportunities available to other students." *Id*. at 471.

Plaintiff fails to allege that any of the defendants listed in her complaint are recipients of federal financial assistance. She further fails to plead what exactly she reported to any of the defendants, just that she generally complained to a teacher employed by River Rouge High School. She fails to allege what sexual harassment occurred and was reported. Plaintiff's complaint is devoid of facts that would allow this Court to consider her claim properly pled.

In summary, Plaintiff cannot maintain this claim against Mr. White: as an individual, he cannot be held liable, the statute of limitations has passed, and the claim is insufficiently pled. For these reasons, this Court should dismiss this claim in its entirety as it applies to Mr. White.

### d. Count III – Violation of Constitutional Due Process

Plaintiff brings a claim under 42 U.S.C. § 1983. As a preliminary matter, once again, this claim cannot be brought against Mr. White as the statue of limitations has

6

expired. "Actions brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations from a state's general personal injury statute." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003), citing *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Like the Title IX claims, these claims must be brought within three years. Plaintiff fails to allege what deprivations, if any, occurred between April 9, 2021 and April 9, 2024. As such, Plaintiff fails to claim a upon which relief may be granted.

In order to bring a Section 1983 claim, plaintiff must plead that "(1) she was deprived of a right secured by the Constitution; and that (2) such deprivation occurred under color of state law." *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 511 (6th Cir. 1996). Plaintiff has failed to plead any flags that would support she was deprived of any of her rights. Beyond alleging that an assault occurred, Plaintiff fails to allege that she experienced any subsequent sexual harassment or discrimination at school. She fails to plead that she attempted to exercise her due process rights, for example attempting to engage the school's Title IX process or that the process she was offered was insufficient or legally flawed.

Furthermore, Plaintiff simply alleges that Mr. White was "acting under color of law as to Hamell." [ECF No. 1]. "The key determinant is whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state

7

law. Logically, then, not every action undertaken by a person who happens to be a state actor is attributable to the state. Although 'under 'color' of law means under 'pretense' of law,' the acts of state officials 'in the ambit of their personal pursuits' do not constitute state action." *Waters v. City of Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001) [internal citations omitted]. Plaintiff fails to plead that Mr. White took any action "under color of law;" the only act alleged against Mr. White occurred away from school property, outside of school hours, and outside of the scope of his role as a teacher.

Plaintiff's due process claim against Mr. White fails on *multiple* fronts and should be dismissed in its entirety.

### e. Count IV – Violation of Elliott-Larsen Civil Rights Act

Plaintiff alleges sex discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act. As is the case with every other claim in Plaintiff's complaint, Plaintiff failed to file within the statute of limitations and Plaintiff fails to properly plead discrimination under the Act.

The statute of limitations for discrimination claims under the Act must be brought within three years of the alleged discrimination. *Major v. Vill. of Newberry*, 316 Mich. App. 527, 534, 892 N.W.2d 402, 410 (2016). Plaintiff fails to allege any discriminatory action Mr. White took within the three years preceding the filing of this complaint.

8

"An educational institution shall not do any of the following: (a) Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, sex, sexual orientation, or gender identity or expression." MCL 37.2402(a). Plaintiff fails to plead a single fact that she was discriminated against by Mr. White. The only specific conduct attributed to Mr. White is an alleged assault that occurred almost seven years ago, which by itself cannot be the basis for gender discrimination by an educational institution. It is not enough to state Plaintiff was discriminated against; this is a mere recitation of the language of the statute and does not put Mr. White on any notice. Plaintiff's claim of discrimination fails to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons stated above, Mr. White respectfully requests that this Court GRANT his Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Mr. White further requests any relief this Court deems just and appropriate.

    Respectfully submitted,

    **NACHTLAW, P.C.**

    By: /s/ David A. Nacht
    David A. Nacht (P47034)
    *Attorney for Defendant Mark White*

Dated: May 20, 2024

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 20, 2024, the foregoing Brief was filed with the Clerk of Court using the ECF system, which sends notification of such filing and service of said documents to all parties registered with ECF, through their counsel of record.

/s/ *Karina Alvarez Pimentel*
Karina Alvarez Pimentel
Litigation Manager
