UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORIYAH HAMELL,

      Plaintiff,                         Judge Shalina D. Kumar
                                            Magistrate Judge David R. Grand
v                                                   No. 24-11074

RIVER ROUGE SCHOOL DISTRICT,
MARK WHITE and DERRICK COLEMAN,

      Defendants.
_____/

| | |
|---|---|
| RENETTE JACKSON (P69002) | TIMOTHY J. MULLINS (P28021) |
| *Attorney for Plaintiff* | CHRISTOPHER D. MESSING (P78900) |
| 26677 W. 12 Mile Road | KATHERINE E. ROSS (P81172) |
| Southfield, MI 480340 | GIARMARCO, MULLINS & HORTON, P.C. |
| (248) 910-5415 | *Attorneys for Defendants, River Rouge School* |
| arjackson@ajatlaw.net | *District and Coleman* |
| | 101 W. Big Beaver Road, 10th Floor |
| | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | cmessing@gmhlaw.com |
| | kross@gmhlaw.com |
| | |
| | DAVID NACHT (P47034) |
| | NACHTLAW, P.C. |
| | *Attorney for Defendant White* |
| | 501 Avis Drive, Suite 3 |
| | Ann Arbor, MI 48108 |
| | (734) 663-7550 |
| | dnacht@nachtlaw.com |

## **ANSWER**

Defendants, RIVER ROUGE SCHOOL DISTRICT and DERRICK COLEMAN, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their answer to Plaintiff's Complaint as follows:

1. In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

2. In answer to paragraph 2, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

3. In answer to paragraph 3, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

4. In answer to paragraph 4, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

5. In answer to paragraph 5, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

6. In answer to paragraph 6, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs. Defendants affirmatively aver that River Rouge High School is a constituent part of the River Rouge School District.

7. In answer to paragraph 7, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs. Defendants affirmatively aver that River Rouge School District is a Michigan Public School District performing a governmental function in Wayne County, Michigan, to wit, providing a public education to students within the district and, as such, the School is a governmental agency and is immune from suit herein.

8. In answer to paragraph 8, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

9. In answer to paragraph 9, Defendants admit the allegations contained therein.

10. In answer to paragraph 10, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

11. In answer to paragraph 11, Defendants deny the allegations contained therein for the reason that they are untrue.

12. In answer to paragraph 12, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

13. In answer to paragraph 13, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

14. In answer to paragraph 14, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

15. In answer to paragraph 15, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

16. In answer to paragraph 16, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

17. In answer to paragraph 17, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

18. In answer to paragraph 18, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

19. In answer to paragraph 19, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiff to her proofs.

20. In answer to paragraph 20, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

21. In answer to paragraph 21, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

22. In answer to paragraph 22, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

23. In answer to paragraph 23, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

24. In answer to paragraph 24, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

25. In answer to paragraph 25, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

26. In answer to paragraph 26, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

27. In answer to paragraph 27, Defendants deny the allegations contained therein for the reason that they are untrue.

28. In answer to paragraph 28, Defendants deny the allegations contained therein for the reason that they are untrue.

29. In answer to paragraph 29, Defendants deny the allegations contained therein for the reason that they are untrue.

30. In answer to paragraph 30, Defendants deny the allegations contained therein for the reason that they are untrue.

31. In answer to paragraph 31, Defendants deny the allegations contained therein for the reason that they are untrue.

**Count I: Assault and Battery**

32. In answer to paragraph 32, Defendants hereby incorporate by reference its responses contained in paragraphs 1 through 31 inclusive, as if fully set forth herein.

33. In answer to paragraph 33, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

34. In answer to paragraph 34, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

## Count II: Title IX Violation

35. In answer to paragraph 35, Defendants hereby incorporate by reference its responses contained in paragraphs 1 through 34 inclusive, as if fully set forth herein.

36. In answer to paragraph 36, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

37. In answer to paragraph 37, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

38. In answer to paragraph 38, Defendants deny the allegations contained therein for the reason that they are untrue.

39. In answer to paragraph 39, Defendants deny the allegations contained therein for the reason that they are untrue.

40. In answer to paragraph 40, Defendants deny the allegations contained therein for the reason that they are untrue.

41. In answer to paragraph 41, Defendants deny the allegations contained therein for the reason that they are untrue.

42. In answer to paragraph 42, Defendants deny the allegations contained therein for the reason that they are untrue.

### Count III: Violation of Constitutional Due Process

43. In answer to paragraph 43, Defendants hereby incorporate by reference its responses contained in paragraphs 1 through 42 inclusive, as if fully set forth herein.

44. In answer to paragraph 44, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

45. In answer to paragraph 45, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

46. In answer to paragraph 46, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

47. In answer to paragraph 47, Defendants deny the allegations contained therein for the reason that they are untrue.

### Count IV: Violation of the Elliott-Larsen Civil Rights Act

48. In answer to paragraph 48, Defendants hereby incorporate by reference its responses contained in paragraphs 1 through 47 inclusive, as if fully set forth herein.

49. In answer to paragraph 49, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

50. In answer to paragraph 50, Defendants deny the allegations contained therein for the reason that they are untrue.

51. In answer to paragraph 51, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, RIVER ROUGE SCHOOL DISTRICT and DERRICK COLEMAN, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, River Rouge School
District and Coleman

## AFFIRMATIVE DEFENSES

Defendants, RIVER ROUGE SCHOOL DISTRICT and DERRICK COLEMAN, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Affirmative Defenses as follows:

1. Plaintiff has failed to state a claim or cause of action against these Defendants as to which relief can be granted as a matter of fact and/or law.

2. Defendants will show and rely upon at the time of trial that at all times pertinent hereto, Defendants were engaged in the performance of governmental functions and, therefore, are immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in case law and the statutes of this State.

3. The individual Defendants, in whole or in part, are entitled to qualified immunity.

4. The individual Defendants, in whole or in part, are entitled to absolute immunity.

5. The School District and its employees are entitled to qualified and absolute immunity.

6. Defendants are entitled to immunity pursuant to the Government Tort Liability Act, MCL 691.1401, et. seq.

7. Defendants will show at the time of trial that Plaintiff has failed to mitigate her damages, if any.

8. Plaintiff has suffered no harm upon which an award of monetary damages may be based.

9. Defendant School District can face no liability for Plaintiff's claims because it had no policy, practice or custom that abridged any of Plaintiff's statutory or constitutional rights.

10. Defendant School District has the right to control the activities of its employees and to regulate the time, manner, place and duration of communications disruptive to the educational mission and environment of the school.

11. Defendants will show at the time of trial that all actions complained of in Plaintiff's Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States, and Defendants never acted or communicated with malice in reference to the Plaintiff.

12. Plaintiff's claims are not justiciable; Plaintiff's claims are, or will be, moot.

13. Plaintiff's claims are barred by estoppel.

14. Plaintiff's claims are barred by the expiration the statute of limitations.

15. Defendants will show at the time of trial that Plaintiff was guilty of negligence or other willful conduct which contributed to the incidents complained of, and her conduct in this regard was the sole or partial cause of any injury complained of, and Plaintiff's recovery should be barred or diminished to the extent of such conduct.

16. Defendants will show at the time of trial that they were guided by and strictly observed all legal duties and obligations imposed by law or otherwise; and further, that all actions of any of Defendants' agents, servants, employees or associates were careful, prudent, proper and lawful.

17. Defendants will show and rely upon at the time of trial that there was no discriminatory intent.

18. Plaintiff may have failed to exhaust her administrative remedies.

19. Plaintiff has failed to join a necessary party.

20. Defendants' actions are based on good faith reliance on Federal and State Government Regulatory Compliance and following directives of Federal and State government, such as the United States Department of Education.

21. Plaintiff's Complaint is conclusory in nature and fails to state a claim and sufficient facts upon which relief can be granted pursuant to MCLA 691.1407(2); MSA 3.996(107)(2).

22. Defendants will show that at all times relevant hereto, they acted without malice, ill will and in good faith in the performance of their duties and, as a result, are immune from suit and recovery by Plaintiff in this case.

23. Defendants will show at the time of trial that Plaintiff failed to notify Defendants of the actions complained of.

24. Defendants will show at the time of trial that any injury or damage complained of was preexistent and/or proximately caused by third persons not under the control of these Defendants.

25. Plaintiff's Complaint is barred by illegality.

26. Defendants will show at the time of trial that Plaintiff has failed to mitigate her damages.

27. Plaintiff's allegations in her Complaint fail as a matter of law because Plaintiff lacks any evidence that she, or anyone on the minor's behalf, notified Defendants of any misconduct by Defendant Coach/Teacher.

28. Defendants will show that Plaintiff has failed to prove any deprivation of a State right, nor has Plaintiff alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon MCL §37.2101 et seq.

29. Plaintiff's claim is barred because she did not notify Defendants of the actions complained of.

30. Defendants will show at the time of trial that there was no discriminatory intent.

31. As a matter of law, RIVER ROUGE SCHOOL DISTRICT cannot be held vicariously liable for its employees' or contractors' intentional torts.

32. Plaintiff's comparative negligence may act to bar this claim in whole or in part.

33. Any injury complained of by Plaintiff was not proximately caused by these Defendants.

34. Plaintiff's claims are barred because Defendants took prompt, remedial, and corrective action to all known acts of improper contact by Defendant Teacher.

35. Defendants will show and rely upon at the time of trial that Mark White was an independent contractor, and not an employee of the School District.

36. Defendants reserve the right to amend their Answer, including additional affirmative defenses, upon completion of investigation and discovery of this cause.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, River Rouge School
District and Coleman

DATED: May 28, 2024

## **RELIANCE UPON JURY DEMAND**

Defendants, RIVER ROUGE SCHOOL DISTRICT and DERRICK

COLEMAN, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby rely upon the jury demand previously filed by Plaintiff as to all issues of trial.

    /s/TIMOTHY J. MULLINS
    GIARMARCO, MULLINS & HORTON, PC
    Attorney for Defendants, River Rouge School
    District and Coleman

DATED: May 28, 2024

## CERTIFICATE OF ELECTRONIC SERVICE

    TIMOTHY J. MULLINS states that on May 28, 2024, he did serve a copy of the **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission.

    /s/TIMOTHY J. MULLINS
    GIARMARCO, MULLINS & HORTON, PC
    Attorney for Defendants, River Rouge School
    District and Coleman
    101 W. Big Beaver Road, 10th Floor
    Troy, MI 48084-5280
    (248) 457-7020
    tmullins@gmhlaw.com
    P28021