UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORIYAH HAMELL,

      Plaintiff,                      Judge Shalina D. Kumar
                                        Magistrate Judge David R. Grand

v                                                No. 24-11074

RIVER ROUGE SCHOOL DISTRICT,
MARK WHITE and DERRICK COLEMAN,

      Defendants.
_____/

| RENETTE JACKSON (P69002) | TIMOTHY J. MULLINS (P28021) |
|---|---|
| *Attorney for Plaintiff* | CHRISTOPHER D. MESSING (P78900) |
| 26677 W. 12 Mile Road | KATHERINE E. ROSS (P81172) |
| Southfield, MI 480340 | GIARMARCO, MULLINS & HORTON, P.C. |
| (248) 910-5415 | *Attorneys for Defendants, River Rouge School* |
| arjackson@ajatlaw.net | *District and Coleman* |
| | 101 W. Big Beaver Road, 10th Floor |
| | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | cmessing@gmhlaw.com |
| | kross@gmhlaw.com |
| | |
| | DAVID NACHT (P47034) |
| | NACHTLAW, P.C. |
| | *Attorney for Defendant White* |
| | 501 Avis Drive, Suite 3 |
| | Ann Arbor, MI  48108 |
| | (734) 663-7550 |
| | dnacht@nachtlaw.com |

_____

## **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(c)**

      Defendants, RIVER ROUGE SCHOOL DISTRICT and DERRICK COLEMAN, by and through their attorneys, GIARMARCO, MULLINS &

HORTON, P.C., states their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c), as follows:

## INTRODUCTION

Plaintiff filed the present lawsuit on or about April 9, 2024 alleging various claims under state and federal law arising out of an alleged incident that occurred "on or around the Fall of 2017." (ECF No. 1 at ¶18). Plaintiff was 16 years old in the fall of 2017. (Pltf. Birth Cert., **Exhibit 1**). Per the Complaint, the incident occurred one morning at the home of Defendant Mark White after Plaintiff had stayed the night at his house and was awakened by alleged inappropriate sexual touching. Id. at ¶ 20. Plaintiff alleges that Defendants River Rouge School District (hereafter the "District") and its Superintendent, Derrick Coleman ("Coleman") "had or should have had actual knowledge of Defendant White's sex assault, discrimination and sexual harassment" because Hamell "complained to Tony Mack, a teacher…" *Id.* at ¶ 28. The Complaint does not specify when the alleged complaint to Tony Mack was made. It is not alleged in the Complaint that Tony Mack was an administrative official or that notice to Tony Mack constituted notice to Coleman or the District.

Based on these conclusory allegations, Plaintiff asserts four separate counts against Defendants Coleman and the District: (1) Assault and Battery; (2) Title IX Violation; (3) Violation of Constitutional Due Process; and (4) Violation of the

2

Elliott-Larsen Civil Rights Act. (ECF. No. 1). As set forth more fully below, Plaintiffs all of claims should be dismissed because they are untimely under the applicable statutes of limitations.

Furthermore, notwithstanding the untimeliness of her claims, Plaintiff has failed to properly plead each of the alleged causes of action as against Defendants Coleman and the District, and therefore judgment on the pleadings in favor of Defendants is appropriate.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). In deciding such a motion, this Court need not accept as true any "conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)(citations and quotations omitted). Rather, "[t]he plaintiff's complaint instead must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Id.*

## LAW AND ARGUMENT

### A. All of Plaintiff's Claims are Barred by the Applicable Statutes of Limitations

*1. Plaintiff's Assault and Battery Claims are Time Barred*

Pursuant to MCL 600.5805(3), the applicable statute of limitations, Plaintiff was required to bring her claims for assault and battery within two years of the alleged occurrence. In this case, more than two years passed between the alleged occurrence in or around the fall of 2017 and filing of the Complaint on April 9, 2024. Therefore, Plaintiff's assault and battery claims are untimely, and dismissal is proper.

*2. Plaintiff's Title IX and 1983 Claims are Time Barred*

Plaintiff's federal claims under Title IX and 42 U.S.C. § 1983 are governed by the state statute of limitations for personal injury claims. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (holding that federal courts borrow the general statute of limitations from the state where the action is brought). Pursuant to MCL 600.5805, the general limitations period for personal injury claims in Michigan, Plaintiff had three years in which to bring her claim. In this case, the only operative date alleged in the Complaint is the fall of 2017. It cannot be disputed that more than three years passed between fall of 2017 and April 9, 2024. Therefore, Plaintiff's federal claims are also barred by the applicable statute of limitations.

4

### 3. Plaintiff's ELCRA Claim is Time Barred

The three-year statute of limitations period for personal injury claims set forth in MCL 600.5805 also applies to Plaintiff's claim under the Elliot-Larsen Civil Rights Act (ELCRA). *Major v. Vill. of Newberry*, 316 Mich. App. 527, 534, 892 N.W.2d 402, 410 (2016). To reiterate, Plaintiff alleges that she was assaulted by Defendant White in or around the fall of 2017. No other dates are alleged in the complaint. More than three years passed between the fall of 2017 and the filing of the Complaint on April 9, 2024. Accordingly, Plaintiff's ELCRA claim is also untimely. Dismissal is appropriate.

### 4. Plaintiff's Claims are Untimely Under the Statutory Tolling Provision, MCL 600.5851

Plaintiff was 16 years old and therefore a minor when the alleged incident occurred in or around the fall of 2017. MCL 600.5851(1) tolls claims that accrued when the plaintiff was a minor and permits a plaintiff to bring a cause of action after reaching age 18, up through his or her 19th birthday. *Berger v. Weber*, 411 Mich. 1, 14; 303 N.W.2d 424 (1981). Plaintiff was 22 years old at the time this cause of action was filed. (**Exhibit 1**). Accordingly, she was over 19 when it was brought, and her claims are also untimely under the statutory tolling provision.

## B. Plaintiff's Claims for Assault and Battery Should be Dismissed

### 1. The District and Coleman are Immune from Intentional Tort Claims

The District, as a governmental entity, is entitled to absolute immunity from

5

the tort claims alleged in this case. MCL 691.1407(1)[1]. This immunity extends to claims of intentional tort. *Smith v Dept of Public Health*, 428 Mich 540 (1987). The immunity from tort liability provided by MCL 691.1407(1) is expressed in the broadest possible language and extends to all governmental agencies and applies to all tort liability when the governmental agencies are engaged in the exercise of a government function. *Nawrocki v Macomb C Rd Comm'n*, 463 Mich 143, 156 (2000). Moreover, a plaintiff must plead in avoidance of governmental immunity. *Mack v City of Detroit*, 467 Mich 186, 203; 649 NW2d 47 (2002) (*superseded in part on other grounds by Costa v Cmty Medical Ser, Inc,* 475 Mich 403; 716 NW2d 236 (2006)).

In this case, Plaintiff has not pled any of the six exceptions to governmental immunity as against Coleman or the District. Therefore, Plaintiff has failed to plead in avoidance of immunity, and dismissal on the pleadings is appropriate.

Further, Superintendent Coleman has absolute immunity as the highest executive officer of a governmental entity. See MCL 691.1407(5)("highest appointive executive official of all levels of government are immune from tort liability for injuries").

In this case, for her alleged assault and battery claims, the Complaint asserts:

---

[1] A governmental entity may only be held liable in tort if one of six narrowly construed statutory exceptions to immunity apply, which are the highway exception, sidewalk exception, public building defect exception, sewer exception, medical treatment exception, and proprietary function exception. No exception has been pled in this case and none apply.

6

33. Defendant White committed an assault and battery on Hamell in the manner stated above.

34. Defendant White's assault and battery caused Hamell the above loss and damage. [ECF No. 1].

Thus, Plaintiff does not allege any act by Defendant Coleman amounting to physical contact, or a threat of physical contact, giving rise to claims for assault or battery. Accordingly, Plaintiff's assault and battery claims fail on their face, and dismissal is appropriate.

C. **Plaintiff's Title IX Claim Should be Dismissed**

1. *No Individual Liability Under Title IX*

Title IX prohibits individuals from being discriminated against based on sex. 20 U.S.C. § 1681. The Complaint alleges Title IX Liability for sexual assault as to all Defendants, however, individuals are not subject to Title IX Liability. *Bose v. Bea*, 947 F.3d 983 (6th Cir. 2020). Therefore, Defendant Coleman cannot be liable under Title IX and Plaintiff's claim against Coleman should be dismissed.

2. *Plaintiff's Title IX Claim Against the District Should be Dismissed*

A school district can only be held liable for sexual harassment claims if it is proven that alleged harassment was both severe and pervasive, and the school district had actual notice and exhibited "deliberate indifference" to the reported harassment. *Davis v. Monroe County Board of Education*, 526 U.S. 629, 143 L. Ed. 2d 839, 119 S. Ct. 1661 (1999). Actual notice requires that someone with administrative

authority be informed of the alleged harmful conduct. *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 492 (2006) (holding District did not have notice of alleged harassment because notice was not provided to any administrative official).

The Supreme Court has cautioned that civil rights legislation like Title IX is not a general civility code and should not be interpreted as such. *Oncale v. Sundowner Offshore Serv.,* 523 U.S. 75, 81 (1998). The Sixth Circuit has held that, to be actionable, the harassment must be severe **AND** pervasive **AND** objectively offensive sex-based harassment. *Kollaritsch v. Michigan State Univ. Bd. of Trustees,* 944 F.3d 613, 621 (6th Cir. 2019). "'Severe' means something more than just juvenile behavior among students, even behavior that is antagonistic, non-consensual, and crass. The *Davis* Court made an explicit admonishment that 'simple acts of teasing and name-calling' are not enough, 'even where these comments target differences in gender.'" *Id.* citing *Davis*, 526 U.S. at 652. "'Pervasive' means 'systemic' or 'widespread.'" *Id.* "'Objectively offensive' means behavior that would be offensive to a reasonable person under the circumstances, not merely offensive to the victim." *Id.*

The standard for actionable conduct under Title IX is much higher than under Title VII. See *Davis*, 526 U.S. at 653. "[W]hile 'severe and pervasive conduct' is a familiar phrase—one borrowed from the 'hostile work environment' jurisprudence of Title VII—it has a distinct application in Title IX." *Hoffman v. Saginaw Pub. Sch.*,

8

2012 WL 2450805, at *6 (E.D. MI. 2012). The reason for requiring this heightened level is because "[c]ourts…must bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable among adults." *Davis*, 526 U.S. at 651. "[S]tudents are still learning how to interact appropriately with their peers. It is thus understandable that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it." *Id.* at 651-652.

In peer harassment cases, Title IX's actionable harassment standard is indeed a high bar. In *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 363 (6th Cir. 2012), for instance, the Sixth Circuit held that harassment comprising a shove into a locker, an "obscene sexual gesture," and a "request for oral sex" did "not rise to the level of severe, pervasive, and objectively offensive conduct." In *Hawkins v. Sarasota Co. Sch. Bd.*, 322 F.3d 1279, 1281 (11th Cir. 2003), the Eleventh Circuit found that a student's repeated sexually explicit and vulgar remarks, including "suck [the girls'] breasts till the milk came out," that he wanted [the girls] to "suck the juice from his penis," and that "he wanted [the girls] to have sex with him" to girls, touch girls on their chest, and try looking up their skirts also was not severe and pervasive enough to meet this high threshold. *Id.* at 1289 ("assuming that the behavior was severe, pervasive, and objectively offensive, it was not *so* severe, pervasive, and objectively

9

offensive that it had the systemic effect of denying the girls equal access to education."). In *Sanches v. Carrollton–Farmers Br. Ind. Sch. Dist.* 647 F.3d 156, 165–66 (5th Cir. 2011), the Fifth Circuit rejected the plaintiff's Title IX claim, where the behavior included calling the plaintiff a "ho" and starting rumors that she was pregnant and had a hickey on her breast, determining that the behavior was more properly described as "teasing or bullying than as sexual harassment."

Moreover, in determining whether Plaintiff experienced a hostile environment, a court may only consider conduct that occurred in the school. It is well established that a school district can be held liable for "harassment only where the school 'exercises substantial control over both the harasser and the context in which the known harassment occurs.'" *Gordon*, 686 Fed.Appx. at 324; *Ostrander v. Duggan*, 341 F.3d 745, 750 (8th Cir.2003). "A school district ... exercises substantial control over the circumstances of the harassment when it occurs 'during school hours and on school grounds.'" *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665 (2d Cir.2012)(quoting *Davis*, 526 U.S. at 646). Conduct occurring outside of school, such as on social media, is not actionable under Title IX. *Gordon*, 686 Fed.Appx. at 324. In *Gordon*, the Sixth Circuit found that the school district was not liable for online harassment because it occurred outside of school. *Id.* In *Ball v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, No. 2:20-CV-2681, 2022 WL 594799, at *8 (S.D. Ohio Feb. 28, 2022), when dismissing claims of racial slurs made after school and on

10

Snapchat, the court held that "[w]hen an incident occurs off campus and outside school hours, the school does not exhibit substantial control over the harasser and the context. Those actions cannot be used as evidence of deliberate indifference."

In this case, for her Title IX claim, Plaintiff alleges:

Defendant White's conduct and the failures of Defendant Derrick Coleman and Defendant River Rouge School District to prevent it and protect against it caused and required Hamell to withdraw from teachers, avoid certain school activities, loose [sic] friends and to be subjected to continuous rumors and harassment. [ECF No. 1 at ¶ 40].

At best, Plaintiff appears to allege that she was subjected to unspecified harassment from her peers. Plaintiff does not plead any specific facts indicating what the so-called harassment consisted of, and therefore she has failed to plead facts suggesting that the alleged harassment was "severe and pervasive" as required for a finding of Title IX liability. Indeed, Plaintiff does not allege that the rumors or harassment were sexual in nature, nor does she assert that the rumors/harassment even occurred at school.

Further, Plaintiff has not pled facts sufficient to demonstrate actual notice to the District. Plaintiff does not plead that any alleged rumors or peer harassment were reported to anyone at the administrative level. Rather, Plaintiff pleads, in conclusory terms, that "Defendant River Rouge School District and Defendant Derrick Coleman had actual knowledge of, but were recklessly and deliberately indifferent to, Defendant White's sex discrimination, assault and sexual

11

harassment against Hamell." (ECF No. 1 at ¶ 38). However, Plaintiff does not allege when this alleged notice was provided to the District or to Coleman. Plaintiff merely alleges that, at some unspecified time, she "complained to Tony Mack, a teacher…" (ECF No. 1 at ¶ 28). Even accepting this as true, a teacher is not someone with administrative authority. She does not plead, nor can she, that notice to a teacher constitutes actual notice to the District.

Finally, a single act will not establish a Title IX claim. Before there can be liability under the statute, Plaintiff must establish that after having "actual" notice of an incident of actionable sex harassment, the school's deliberate indifference to that harassment caused further harassment to occur. *Kollaritsch*, 944 F.3d at 623. The Complaint asserts one instance of alleged sexual harassment, which occurred in or around the Fall of 2017 and not on school property. Plaintiff does not allege that that she was subjected to additional discrimination on the basis of sex. Her case should be dismissed.

### D. Plaintiff's 42 U.S.C. § 1983 Claims Should Be Dismissed

*1. Plaintiff has Failed to Properly Plead a Claim Against Coleman*

Individual defendants are entitled to a qualified immunity defense to § 1983 claims. *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010). In *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), the Court ruled:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific

> incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

There are two general steps to a qualified immunity analysis. The court must determine whether "the facts alleged show the officer's conduct violated a constitutional right" and whether that right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201-02, (2001). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Binay*, 601 F.3d at 647.

The clearly established standard demands that the legal principle "clearly prohibit the officer's conduct in the particular circumstances before him...." *Wesby*, 138 S.Ct. at 590. (emphasis added); *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015). The Sixth Circuit summarized the "clearly established" requirement in *Stevens-Rucker v. City of Columbus*: "plaintiff must show that the right was clearly established in a 'particularized sense,' such that a reasonable officer confronted with the same situation" would know that their conduct would violate the constitutional right at issue. 739 F. App'x 834, 839 (6th Cir. 2018).

In this case, Plaintiff's claims against Defendant Coleman should be dismissed because Coleman, as an individual, is entitled to qualified immunity. Plaintiff has not alleged that Coleman participated in or encouraged the alleged assault. Plaintiff's Complaint does not allege any conduct by Coleman that would

13

establish a violation of a constitutional right. She alleges that all Defendants were "acting under color of law", but never alleges any action by Coleman that caused or contributed in any way to the alleged harm. She does not allege that Coleman was aware of any of the unspecified rumors. As such, Plaintiff's has failed to properly plead her claim against Coleman, and this case should be dismissed.

### 2. *Plaintiff has Failed to Properly Plead a Claim Against the District*

To determine whether the District can be held liable under 42 U.S.C. § 1983, Courts look to (1) whether the plaintiff has asserted that she has been deprived of a constitutional right; and (2) whether the municipal educational entity is responsible for that violation. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 505–06 (6th Cir.1996). As for the second element, municipal entities, such as school districts, cannot be held vicariously liable for the constitutional violations committed by their employees. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). For liability to attach, Plaintiff must plead, and prove, that the District had a custom or policy that inflicted the alleged injury. *Id.* at 694-95.

Plaintiff cannot establish the first element of 1983 municipal liability claim, so her claim against the School District should be dismissed. As stated above, Plaintiff has not pled facts to demonstrate a constitutional violation. Because no constitutional violation has been alleged, Plaintiff's Sec. 1983 claim against the District cannot survive as a matter of law. "[When] no constitutional violation

occurred, there can be no *Monell* claim against the [Township], regardless of its policies." *Farinacci v. City of Garfield Hts.*, 2010 WL 1268068, at *5 (N.D. OH. 2010), aff'd, 461 Fed.Appx. 447 (6th Cir. 2012). *See also*, *McCoy*, 515 Fed.Appx. at 393, where the Sixth Circuit also held that the absence of deliberate indifference pursuant to a Title IX claim is fatal to a companion municipal liability claim made or under section 1983).

Further, Plaintiff has not alleged the incident from in or around the fall of 2017 occurred as a result of a policy or custom of the school District. She has not stated any specific facts even remotely suggesting some custom or policy caused or contributed to the alleged assault. The alleged incident did not occur on school property. Moreover, she has not pled any facts stating what purported harassment or rumors she was subjected to, how they violated her constitutional rights, or that they were the result of some custom or policy instituted by the District. Thus, Plaintiff's has failed to plead a viable cause of action, and her 1983 claims should be dismissed.

E. **Plaintiff's ELCRA Claim Should be Dismissed**

Paragraph 49 of the Complaint alleges, in conclusory terms, that all Defendants allegedly maintained a sexually hostile environment. In examining a hostile educational environment claim, the Court of Appeals has used a workplace discrimination analysis to determine if the claim is adequately pled, requiring the plaintiff to prove the following:

15

>   (1) the employee belonged to a protected group;
>   (2) the employee was subjected to communication or conduct on the basis of sex;
>   (3) the employee was subjected to unwelcome sexual conduct or communication;
>   (4) the unwelcome sexual conduct or communication was intended to or in fact did substantially interfere with the employee's employment or created an intimidating, hostile, or offensive work environment; and
>   (5) respondeat superior.

*Doe by next friend Kolokithas v. Alpena Pub. Sch. Dist.,* 345 Mich. App. 35, 44 (2022) (internal quotations omitted). An employer may avoid respondeat superior liability in a hostile environment case "if it adequately investigated and took prompt and appropriate remedial action upon notice of the alleged hostile work environment." *Chambers v. Trettco, Inc.,* 463 Mich. 297, 311–12, 614 N.W.2d 910, 916 (2000). To establish the notice requirement, Plaintiff must demonstrate that someone with administrative authority was put on notice of the allegedly hostile environment. MCL 380.1536; *Radtke v. Everett,* 442 Mich. 368, 396-97; *Sheridan v. Forest Hills Pub. Sch.*, 247 Mich. App. 611, 622-23 (2001).

In this case, Plaintiff has not pled any specific facts to establish that a sexually hostile environment existed. Further, Plaintiff has not pled that anyone with administrative authority was put on notice of the allegedly hostile environment. Moreover, Plaintiff does not plead that any rumors or harassment she was allegedly subjected to were sexual in nature, or that they even occurred at school. Thus, Plaintiff has also failed to properly plead count IV of her Complaint, and dismissal

16

is appropriate.

## CONCLUSION

Based on the foregoing, Plaintiff's Complaint should be dismissed because it is untimely and fails to adequately plead any of the four separate counts asserted as against Defendants Coleman and the District. Therefore, dismissal is proper.

## RELIEF REQUESTED

WHEREFORE, Defendants Derrick Coleman and River Rouge School District, respectfully request that this Honorable Court GRANT their motion to dismiss pursuant to Fed. R. Civ. P. 12(c).

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, River Rouge School
 District and Coleman

DATED: May 31, 2024

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on May 31, 2024, he did serve a copy of the **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c)** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, River Rouge School
 District and Coleman
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

# EXHIBIT 1

# CITY OF DETROIT

**STATE OF MICHIGAN**
**DEPARTMENT OF COMMUNITY HEALTH**
**CERTIFICATE OF LIVE BIRTH**

LF 010820
39 121 - _____  STATE FILE NUMBER

### CHILD
- **1. CHILD - NAME (FIRST) (MIDDLE) (LAST):** Moriyah Gabrielle Nyjuan Hamell
- **2. SEX:** Female
- **3a. PLURALITY:** Single
- **3b. IF NOT SINGLE - BORN 1ST, 2ND, 3RD, ETC.:**
- **4a. DATE OF BIRTH:** August 22, 2001
- **4b. TIME OF BIRTH:** 2:08 A M

### PLACE
- **5a. HOSPITAL NAME:** Hutzel Hospital
- **5b. CITY, VILLAGE, OR TOWNSHIP OF BIRTH:** Detroit
- **5c. COUNTY OF BIRTH:** Wayne

### CERTIFICATION
- **6a.** I CERTIFY THAT THE ABOVE NAMED CHILD WAS BORN ALIVE AT THE PLACE AND TIME AND ON THE DATE STATED ABOVE
- **SIGNATURE:** JoWatt
- **DATE:** Aug 22, 2001
- **6b. CERTIFIER'S NAME & TITLE:** JoAnn Watts, Sr. Clerk
- **6c. NAME AND TITLE OF ATTENDANT IF OTHER THAN CERTIFIER:** Marilyn Denson, M.D.
- **6d. MAILING ADDRESS OF ATTENDANT:** 4707 St. Antoine  Detroit, MI 48201
- **7a. REGISTRAR'S SIGNATURE:** Mildred L. Johnson
- **7b. DATE RECEIVED BY LOCAL REGISTRAR:** SEP 18 2001

### MOTHER
BY AUTHORITY ACT 368, P.A. 1978
- **8a. MOTHER'S NAME (FIRST, MIDDLE, LAST):** Raisha Ecole Grace
- **8b. SOCIAL SECURITY NUMBER:** 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
- **8c. STATE OF BIRTH:** Michigan
- **8d. DATE OF BIRTH:** Oct 30, 1984
- **8e. MOTHER - SURNAME BEFORE FIRST MARRIED:** Grace
- **8f. RESIDENCE:** ☒ INSIDE CITY OR VILLAGE OF ☐ TWP. OF Detroit
- **8g. COUNTY:** Wayne
- **8h. STATE:** Michigan

### FATHER
- **9a. FATHER'S NAME (FIRST, MIDDLE, LAST):**
- **9b. SOCIAL SECURITY NUMBER:**
- **9c. STATE OF BIRTH:**
- **9d. DATE OF BIRTH:**

DCH-0481P 10/98 (Formerly B213P) MDCH Form Number 5002951

- **10a.** I CERTIFY THAT THE PERSONAL INFORMATION PROVIDED ON THIS CERTIFICATE IS CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF
- **SIGNATURE:** Raisha Grace
- **10b.** THE PARENT(S) REQUEST THAT INFORMATION ON THIS BIRTH BE RELEASED TO THE SOCIAL SECURITY ADMIN. FOR ISSUANCE OF A SOCIAL SECURITY NUMBER AND CARD. ☒ Yes ☐ No

---

THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT REPRODUCTION OF THE ORIGINAL RECORD AS RECORDED WITH THE DETROIT DEPARTMENT OF HEALTH. DO NOT ACCEPT UNLESS PREPARED ON APPROVED SECURITY PAPER DISPLAYING THE OFFICIAL SEAL AND SIGNATURE OF THE ISSUING AGENCY. NOT VALID IF PHOTOCOPIED. LAMINATION MAY VOID CERTIFICATE.

2255818

DETROIT VITAL RECORDS

AUG 13 2012
Dated

Rochelle M. Collins
Rochelle M. Collins, Registrar
City of Detroit Health Department

**Department of Health**
**Birth Records**

THE FACE OF THIS DOCUMENT HAS A MULTI-COLORED BACKGROUND ON WHITE PAPER - THE BACK OF THIS PAPER CONTAINS A WATERMARK - HOLD AT LIGHT TO VIE