**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MORIYAH HAMELL,

       Plaintiff,

V.                                     Case No.: 24-11074
                                     Hon. Shalina D. Kumar

RIVER ROUGE SCHOOL DISTRICT,
RIVER ROUGE SCHOOL BOARD d/b/a RIVER ROUGE
HIGH SCHOOL, DR. WILLIE L. WHITE,
Principal, MARK WHITE, River Rouge Head Basketball Coach,
DERRICK COLEMAN, Superintendent, and
JANE/JOHN DOE, Title IX Coordinator, Individually and Official Capacities;

       Defendants.

_____/

| | |
|---|---|
| RENETTE JACKSON (P69002) | TIMOTHY J. MULLINS (P28021) |
| Attorney for Plaintiff | CHRISTOPHER D. MESSING(P78900) |
| 26677 W. 12 Mile Road | GIARMARCO, MULLINS & HORTON, P.C. |
| Southfield, MI 480340 | Attorneys for Defendants, River Rouge School |
| (248) 910-5415 | District and Coleman |
| arjackson@ajatlaw.net | 101 W. Big Beaver Road, 10th Floor |
| | Troy, MI 48084-5280 |
| | tmullins@gmhlaw.com |
| | cmessing@gmhlaw.com |
| | |
| | David Nacht (P47034) |
| | Fabiola Galguera (P84212) |
| | Attorneys for Defendant Mark White |
| | 501 Avis Drive, Suite 3 |
| | Ann Arbor, MI 48108 |
| | (734) 663-7550 |
| | dnacht@nachtlaw.com |
| | fgalguera@nachtlaw.com |

_____/

**<u>FIRST AMENDED COMPLAINT AND JURY DEMAND</u>**

    NOW COMES Plaintiff, Moriyah Hamell, by and through her attorney,

RENETTE JACKSON, Esq., and hereby files her Complaint against the named

Defendants, and states as follows:

## I.     INTRODUCTION:

1.     While employed as a basketball Coach from the early 2000's MARK WHITE, used his position to sexually assault high school students-athletes.

2.     As early as 2017 and on information and belief even earlier, RIVER ROUGE HIGH SCHOOL DISTRICT and/or RIVER ROUGE HIGH SCHOOL received complaints or allegations involving WHITE's sexual assaults or criminal sexual conduct with student athletes.

3.     In 2018, RIVER ROUGE HIGH SCHOOL DISTRICT and/or RIVER ROUGE HIGH SCHOOL fired WHITE from his position as the Head Basketball Coach of the RIVER ROUGE HIGH SCHOOL after receiving repeated complaints that WHITE engaged in sexual misconduct with female student(s) on and off campus.

4.     Prior to his employment with RIVER ROUGE HIGH SCHOOL, WHITE was fired as the Basketball Coach based on allegations of sexual assault involving students.

5.     RIVER ROUGE SCHOOL DISTRICT's Athletic Department and DERRICK COLEMAN, a former NBA player's endorsement became the perfect place to hide WHITE'S past, present, and future sexual abuse of young females from public disclosure. Student-athletes are a vulnerable population and WHITE was given free rein to abuse female or male student-athletes with impunity was, in the end, a calculated risk worth taking by Defendants for the greater good of the Defendants.

6.     DERRICK COLEMAN has served as superintendent of River Rouge schools since 2012 and worked in Detroit as the assistant superintendent/Region II

-

superintendent, supervising 29 schools from 2008-2011.

7.      A former state champion basketball coach.  From 2002 to 2006 WHITE was the head pep coach at Renaissance and Southeastern high schools.

8.      In 2018, WHITE was hired as the Basketball Coach for Summit Academy North High School, in the City of Romulus, State of Michigan.

9.      Summit Academy North High School and on information and belief is currently investigating WHITE for criminal sexual conduct involving multiple female students.

10.     Plaintiff  Moriyah Hammel a student participated on an athletic team.

11.     Plaintiff  relied on RIVER ROUGE HIGH'S Athletic Department's leadership, who used Plaintiff's coaches and trainers as witting and unwitting agents to trust WHITE for transportation to and from team games while participating on a RIVER ROUGE BASKETBALL team, and White sexually assaulted, abused, and molested Plaintiff.

12.     RIVER ROUGE is responsible for Plaintiff's damages stemming from WHITE'S sexual abuse, and assault on and off the campus, as RIVER ROUGE placed vulnerable student athletes like Plaintiff in White's care despite knowing he was a sexual predator.

13.     This is a civil action against RIVER ROUGE SCHOOL BOARD d/b/a RIVER ROUGE HIGH SCHOOL for declaratory, injunctive, equitable, and monetary relief for injuries sustained by Plaintiff as a result of the acts, conduct, and omissions of Defendants in their official capacity, and their respective employees, representatives,

and agents relating to sexual assault, abuse, molestation, and nonconsensual sexual touching and harassment by WHITE against Plaintiff while a RIVER ROUGE student.

14.     Defendants' failure to promptly and appropriately investigate and respond to the predatory conduct and subsequent assault which subjected Plaintiff to further sexual harassment and a hostile environment, effectively denying her access to athletic and educational opportunities.

## II.     <u>JURISDICTION AND VENUE</u>

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising from the Constitution, laws and treaties of the United States, including but not limited to, Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, et seq., and the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

16.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1343 because this is a civil action authorized by law brought by a person to redress the deprivation, under color of a State Law, statute, ordinance, regulation, custom or usage, of a right, privilege or immunity secured by the Constitution of the United States or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and a civil action to recover damages or to secure equitable relief under an Act of Congress providing for the protection of civil rights.

17.     The claims are cognizable under the United States Constitution, 42 U.S.C. § 1983, 20 U.S.C. § 1681 et seq., and under Michigan Law.

18.     The amount in controversy exceeds the jurisdictional minimum of

$75,000.00.

19.     The acts and events giving rise to this lawsuit occurred in Wayne County, Michigan which sits in the Southern Division of the Eastern District of Michigan.

20.     Venue is proper in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), because the acts and events giving rise to the claims occurred in this judicial district.

21.     Plaintiff's Complaint is timely filed within the applicable statutes of limitations for criminal sexual conduct against a minor under MCL 600.5851b.

### III.    THE PARTIES:

22.     Plaintiff is a resident of the State of Michigan.

23.     Defendant, River Rouge High School and/or River Rouge School District is a local governmental entity in Monroe County, Michigan, organized and existing pursuant to the laws of the State of Michigan, with the capacity to sue and be sued; that is a recipient of federal education funding, that is a Local Education Agency subject to suit in federal court under Title IX, and that is subject to the jurisdiction of this Court.

24.     Defendant, "White"("White"), at all times relevant was the head Basketball Coach employed by Defendant River Rouge High School located in River Rouge, Michigan. He is sued in his individual capacity.

25.     Upon information and belief, White is domiciled in Wayne County, Michigan.

26.     Defendant, Dr. Willie L. White was at all times relevant hereto the Principal of River Rouge School. As Principal, Defendant Dr. Willie L. White was charged with the

administration of River Rouge High School.

27.     Defendant, Derrick Coleman ("Coleman"), was at all times relevant hereto, the Superintendent of River Rouge Schools. As Superintendent, Coleman is charged with executive oversight and administrative duties for River Rouge Schools. The duties are primarily, but not exclusively, the implementation of School District policies and regulations.

28.     Defendant Assistant Superintendent Jane/John Doe, ("the Title IX Coordinator"), in her/his official and individual capacities, worked within the County of Wayne, State of Michigan.

29.     At all material times, the Title IX Coordinator was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course, and authority of her employment and her employer.

30.     In 2018, based on information and belief River Rouge High School Principal, Dr. Willie L. White issued correspondence to Parents of River Rouge High School and/or Basketball Teams informing them that White would be taking a leave of absence from River Rouge School for the 2018-2019 school year to work at Renaissance High School.

31.     .At all times relevant hereto, all individual Defendants were acting in their individual and official capacities and under color of law of the State of Michigan.

32.      At all times relevant hereto, all individual Defendants had the duty and authority to effectuate the policies and customs of the School District, and to implement and execute all federal, state, and school district regulations and/or policies relevant to the operation of a public school.

33.     River Rouge High School is responsible for all acts and omissions of all School District employees.

## III.   APPLICABLE LAW AND POLICY:

34.     Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . . Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106.

35.     34 C.F.R. § 106.8(b) provides:

> A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

36.     A recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to the known acts of staff/teacher/coach-student discrimination.

37.     A complainant may prevail in a private Title IX damages action against a school district in cases of coach-on-student harassment where the funding recipient is

 a) deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and
 b) the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

38.     The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the

equal protection of the laws." U.S. Const. amend. XIV, § 1.

39.     Michigan law provides that MCL 380.1300a Sexual harassment policy.

Sec. 1300a.

> Not later than January 1, 1995, the board of each school district shall adopt and implement a written sexual harassment policy. At a minimum, the policy shall prohibit sexual harassment by school district employees, board members and pupils directed toward other employees or pupils and shall specify penalties for violation of the policy.

40.     Based on information and belief, the River Rouge School District's Board of Education has also adopted anti-harassment policy 5517. (Attached as Exhibit 1.) That policy defines harassment , in relevant part, to include "inappropriate conduct that is repeated enough, or serious enough, to negatively impact a student's educational, physical, or emotional well-being." Such behavior is considered harassment whether it takes place on or off school property. . . if it is considered to have a negative impact on the school environment." The policy stipulates that all reports of harassment "will be investigated in accordance with AG 5517."

## FACTUAL ALLEGATIONS

41.     Plaintiff realleges and incorporates by reference the allegations contained in the previous and subsequent paragraphs.

42.     At all times relevant herein, Defendant River Rouge High Schools was a recipient of federal funds subject to the requirements of Title IX.

43.      At all times relevant herein, Defendant White was the Head Basketball Coach employed by Defendant River Rouge High Schools at River Rouge High School in River Rouge, Michigan.

44.     At all relevant times herein, Plaintiff has resided with her family in Wayne County, Michigan and has been a student in the River Rouge High Schools.

45.     Between August 2017 and July 2018, Plaintiff attended ninth and tenth grades at River Rouge High School in Wayne County, Michigan and Defendant White was her training  coach and the leader of the River Rouge High School Basketball Team in which Plaintiff was a player on the girl's basketball team.

46.     Before the incidents giving rise to this Complaint, Plaintiff was a vibrant, young woman who gave generously of her time and appreciably enjoyed academics and basketball.

47.     White used his position  and authority as a coach, to sexually harass, intimidate, manipulate and prey upon the female student-athletes.

48.     Female students were often alone with White one-on-one in his office.

49.     White was sweet and flirty to the female students who "played ball,"

50.     The School District implemented and executed policies and customs in regard to the events that resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

51.     The School District is responsible for ensuring that all its employees are properly investigated, trained and supervised to perform their jobs.

52.     The School District is responsible for the acts and omissions of its employees.

53.     At the time of the sexual assault and battery that gave rise to the events complained of herein, Plaintiff was a teenager and a junior at River Rouge High School.

54.    At the time of the sexual assault and battery that gave rise to this action, Plaintiff was in her junior year and was a prominent student-athlete River Rouge High School.

55.    In August 2017, after a basketball game, Defendant, "White" transported the Plaintiff to his residence under the guise that it was too late to drive her home.

56.    While Plaintiff was asleep, Defendant, "White", forcibly sexually assaulted Plaintiff.

57.    Defendant "White "had his mouth on the Plaintiff's breast and digitally penetrated Plaintiff's vagina."

58.    The following day, Plaintiff notified a staff member at Defendant, River Rouge High School.

59.    Based on information and belief, the teacher notified the Principal, Defendant, Dr. Willie L. White.

60.    At all times, the Principal, Defendant, Dr. Willie L. White did not interview Plaintiff or contact her parent, guardian or law enforcement. .

61.    Defendant, RIVER ROUGE SCHOOL DISTRICT officials never interviewed Plaintiff or investigated.

62.    Despite their continuing duty to investigate and address the sexual assault, from that point forward School District officials conducted virtually no investigation of the sexual assault on Plaintiff.

63.    Based on information and belief, the Principal knew that the assault occurred and that said assault held the attention of the  student body because students approached

the Plaintiff and Principal's office reporting information about the assault and its aftermath.

64.     Despite that knowledge, the Principal kept no notes of which students made reports, what they reported, and never tried to prove or disprove what the students were reporting.

65.     For approximately five months after the sexual assault on Plaintiff, she was forced to share the gym for basketball practice with her attacker.

66.     Plaintiff made any attempt possible to avoid her attacker by going to practice late or hiding in the bathrooms.

67.     Because Plaintiff had complained of Defendant, "White's" sexual assault on her, throughout the rest of the 2017 school year, students verbally and physically harassed and frightened Plaintiff.

68.     Students loudly and repeatedly denied that the sexual assault happened and said that Plaintiff was lying.

69.     Students noted that Defendant, "White "appeared not to have been disciplined and concluded that Plaintiff was lying or exaggerating regarding the sexual assault.

70.     Students began to sexually harass Plaintiff at school and on social media.

71.     The District had and continues to have in place Board Policy 5517 regarding "Harassment of Students" as required by MCL 380.1310b. (See policy attached as Exhibit 1).

72.     As described above, harassment is defined in Board Policy 5517 as

"inappropriate conduct that is repeated enough, or serious enough, to negatively impact a student's educational, physical or emotional well-being" including but not limited to harassment based upon sex . . . and would include such activities as . . . name-calling, taunting, and other disruptive behaviors."

73.     The Defendant, School District took no remedial measures, despite having notice that Plaintiff experienced sex-based harassment in school or the sexual assault off school campus.

74.     The School District failed to reprimand of Defendant, ""White" or make a change in his placement as  mandated by MCL 380.1311(2) and MCL 300.530(d).

75.     Based on the sexual assault allegations alone and Defendant, "White's" conduct, a change in his placement  as Head Coach of the Girl's Basketball team was mandated on the basis of the assault alone and would have been consistent with internal school policy.

76.     Plaintiff has suffered personal damages, including those arising from her psychological distress, loss of standing in her community, and damage to her reputation.

77.      Plaintiff suffered sex-based harassment that was severe, pervasive, and objectively offensive.

78.     The sex-based harassment and sexual assault deprived Plaintiff of access to the educational opportunities or benefits of the school.

79.      The School District officials, including Defendants had the authority to take remedial action to correct the sex-based harassment and assault.

80.     The School District and its Defendants had actual knowledge of the sex-

based harassment and assault.

81.     The School District and its Defendants responded with deliberate indifference to the sex-based harassment, predatory conduct, and sexual assault.

82.     Plaintiff's grades dropped and she became withdrawn.

83.     The School District's response and its officials' conduct was such that future reasonable students in Plaintiff's circumstances would be chilled from reporting sexual harassment.

84.     As a direct and proximate result of the harassing educational environment created by Defendants' deliberately indifferent response to the sexual assault and subsequent harassment, as well as violations of her Fourteenth Amendment rights, Plaintiff has suffered and continues to suffer psychological damage, emotional distress, loss of standing in her community, and damage to her reputation, and her future relationships have been negatively affected.

85.     Plaintiff has required ongoing counseling and elevated levels of medication to address her depression and anxiety caused by Defendants' conduct.

86.     Plaintiff has also been deprived of a normal childhood education due to Defendants' conduct and the resulting educational environment.

87.     Based on information and belief, Defendant, Principal Dr. Willie L. White terminated Defendant, "White's "employment in 2017 based on his alleged sexual relationship with another coach employed at Defendant, River Rouge High School.

## COUNT I- CRIMINAL SEXUAL CONDUCT
## ASSAULT AND BATTERY

88.     Plaintiff realleges and incorporates by reference the allegations contained in the previous and subsequent paragraphs.

89.     Plaintiff Hamell was a student at River Rouge High School in her junior year.

90.     Plaintiff Hamell was a student athlete playing on the school's basketball team.

91.     At all times relevant, Defendant "White" was the coach of the River Rouge High School Girl's basketball team.

92.     Defendant "White" trained and practiced with Plaintiff during school hours and after school hours.

93.     Defendant "White" transported Plaintiff to and from team basketball games and training facilities after school hours without the  consent of her parents/guardian.

94.     Defendant ""White" complimented Plaintiff on her looks on several occasions during school hours constituting grooming and predatory conduct.

95.     Defendant "White" "transported Plaintiff to other high school basketball games after school hours.

96.     Plaintiff looked to Defendant "White" as a coach, trainer and mentor.

97.     Plaintiff considered Defendant "White" as "family" because her mother was deceased and her father was withdrawn.

98.     That on or around Fall of 2017, after a late game, Defendant "White" offered to allow Plaintiff to spend the night at his home since it was late.

99.     That early the next morning Plaintiff was awakened by Defendant "White" on top of her, touching her vaginal area with his bare hand, and her breast was in his mouth.

100.    Defendant "White" said to Plaintiff "let me see how it taste."

101.    Plaintiff discouraged, rejected and objected to Defendant "White's touching and conduct.

102.    Defendant ""White "got off of the Plaintiff and  left the room.

103.    Plaintiff ran out of the room into another room.

104.    Defendant "White's" sexual touching, and conduct were a violation and offensive to Plaintiff and would have been a violation and offensive to a reasonable person.

105.    Students and team members began saying Defendant "White" and Plaintiff were having an affair.

106.    These circumstances created a sexually hostile environment and were sexual harassment.

107.    Plaintiff Complained to a teacher, Tony Mack, such that the River Rouge High School and River Rouge School District had or should have had actual knowledge of Defendant "White's" Sex Discrimination And Sexual Harassment.

108.    River Rouge High School And River Rouge School District, and others took no action to investigate or to protect Plaintiff despite having actual knowledge of Defendant "White's" sex discrimination and sexual assault.

109.    As a proximate result, Plaintiff became very isolated from teachers, students and teammates.

110.    Plaintiff has suffered and may continue to suffer mental and emotional distress, including but not limited to depression, anxiety, suicidal thoughts and that have adversely impacted her ability to do so.

**COUNT II-VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 –
STATE CREATED DANGER TITLE IX, 20 U.S.C. § 1681
(AGAINST DEFENDANTS RIVER ROUGE FOR ACTIONS OF DEFENDANT
WHITE)**

111.    Plaintiff realleges and incorporates by reference the allegations contained in the previous and subsequent paragraphs.

112.    The due process clause of the 14th Amendment provides that the state may not deprive a person of life, liberty or property without due process of law.

113.    Defendants deliberately exposed Plaintiff to a dangerous sexual predator, Defendant, "White" knowing he could and would cause serious damage by sexually assaulting female students, especially female student athletes, on campus.

114.    This conduct was culpable in the extreme.

115.    Plaintiff was a foreseeable victim of Defendants' decision to make Defendant "White" the Head Coach to the River Rouge High School Girls Basketball Team.

116.    The decisions and actions to deprive Plaintiff of a safe campus constituted affirmative acts that caused and/or increased the risk of harm, as well as physical and emotional injury, to Plaintiff.

117.    Defendants acted in willful disregard for the safety of Plaintiff.

118.    Defendants have a fiduciary duty to protect students, like Plaintiff, from harm; and Defendants breached that duty by allowing Plaintiff's sexual assault by placing student athletes in the care of a sexual predator.

119.    Defendants created the opportunity for Defendant, "White "to sexually assault Plaintiff that she would not otherwise have had the opportunity to do but for

Defendants giving "White "the job as Athletic Department coach when it was known to Defendants that his conduct was predatory.

120.    At all relevant times, Defendants and "White"(as Defendants' agent) were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or Defendants.

121.    Title IX places on public school systems the duty not to discriminate against students on the basis of sex and the duty to protect students from intentional discrimination, including sexual harassment or abuse, by teachers-coaches.

122.    River Rouge School District created and/or permitted to continue an environment rife with sexual harassment and hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

123.    Plaintiff has suffered severe and permanent psychological  damage, physical harm and emotional distress as a direct and proximate  result of the School District's violations of her rights under Title IX.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against the School District for compensatory damages, emotional distress damages, interest, costs, attorneys' fees as provided by law, and any other equitable and or injunctive relief that the Court deems to be  appropriate.

## COUNT III-
## FOURTEENTH AMENDMENT VIOLATIONS  U.S.C. §1983
## AGAINST RIVER ROUGE SCHOOL BOARD D/B/A RIVER ROUGE HIGH
## SCHOOL

124.    Plaintiff realleges and incorporates by reference the allegations contained

in the previous and subsequent paragraphs.

125.   The Defendant, River Rouge School Board D/B/A  River Rouge High School, while acting under federal and state law deprived Plaintiff of her civil rights (including her  rights to an education) pursuant to the 42 U.S.C. §1983, the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment of the U.S. Constitution by condoning, practices, including inadequate training of teachers and administrators, regarding sex harassment, assaults of students,  and inadequate investigation of complaints by students, such as in Plaintiff's case(s), of said sexual grooming and assault, and by having a custom of failing to protect students from sex harassment, sexual assaults or harassment because sex and of discriminating or permitting the discrimination of said students of which was intentional or negligent and with complete, reckless and callous disregard for Plaintiff's civil rights in violation of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment.

126.   In fact, it was discovered the Defendant "White "had prior allegations of sexual assault of student athletes and there was insufficient supervision of the student athletes.

127.    Based on information and belief, other administrators of River Rouge High School were actually present at the basketball games and had knowledge that Defendant, "White "transported the student athletes  in his personal vehicle to and from basketball games off school campus.

128.   Of equal importance, no meaningful investigation was conducted by Defendant into the incident.

129.    That as a direct and proximate result of Defendant's actions, which were shocking to the conscience, and omissions, Plaintiff was humiliated, embarrassed, suffered mental anguish, was subjected to insult, oppression, inconvenience, loss of dignity and suffered physical injury.

130.    These damages are continuing, permanent or will continue in the future.

### COUNT IV- VIOLATION OF TITLE IX, 20 U.S.C. § 1681(A), *ET SEQ* – (DELIBERATE INDIFFERENCE -RIVER ROUGE SCHOOL DISTRICT)

131.    Plaintiff realleges and incorporates by reference the allegations contained in the previous and subsequent paragraphs.

132.    Title IX's statutory language states, "No person in the United States shall on the basis of sex, be ... subject to discrimination under any education program or activity receiving Federal financial assistance ..."

133.    Plaintiff is a "person" under the Title IX statutory language.

134.    The River Rouge School District receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. § 1681(a), *et seq*.

135.    The River Rouge School District is required under Title IX to investigate allegations of sexual assault, sexual abuse, and sexual harassment.

136.    The U.S. Department of Education's Office of Civil Rights has explained that Title IX covers all programs of a school, and extends to sexual harassment and assault by employees, students and third parties.

137.    Unwelcome sexual assault advanced because of the victim's sex is

discrimination on the basis of sex.

138.   Defendant, "White's" sexual assault on Plaintiff because Plaintiff was a female was discrimination on the basis of sex.

139.   Defendant, "White's" actions and conduct were carried out under one of the River Rouge School District's programs, which provides basketball training to students, student athletes, and the public.

140.   Defendant, "White's" conduct and actions toward Plaintiff, that being nonconsensual genital manipulation and/or digital anal penetration, constitutes sex discrimination under Title IX.

141.   As early as 2017, or earlier, an "appropriate person", including, among others, the coaches, trainers, and administrators named above, at the  River Rouge School District and Derrick Coleman had actual knowledge of the sexual assault of other student athletes committed by Defendant,  "White".

142.   Defendants failed to carry out their duties to investigate and take corrective action under Title IX following the complaint(s) of sexual assault, abuse, and harassment.

143.   Defendants acted with deliberate indifference to known acts of sexual assault, abuse, and molestation on or off its premises committed by a staff by:

a.   Failing to investigate and address other victim's allegations as required by Title IX;

b.   Failing to adequately investigate and address the complaints regarding "White's" conduct;

c.   Failing to institute corrective measures to prevent "White" from violating and sexually abusing other students and individuals, including minors; and

d. Failing to adequately investigate the other multiple acts of deliberate indifference described above.

144.    Defendants acted with deliberate indifference as their lack of response to the allegations of sexual assault, abuse, and molestation was clearly unreasonable in light of the known circumstances.

145.    Defendants' deliberate indifference allowed Defendant, "White" to continue sexually assaulting athletes and other individuals and Plaintiff until his employment was terminated from The River Rouge School District at the end of the 2017-2018 school year.

146.    Defendants acted in a deliberate, grossly negligent, and/or reckless manner when they failed to reasonably respond to and were deliberately indifferent to Defendant, "White's" sexual assaults and sex-based harassment of the Plaintiff, a young female student athlete on and off school premises.

147.    Defendants' failure to promptly and appropriately investigate and remedy and respond to the sexual assaults after they received notice subjected Plaintiff to further harassment and a sexually hostile environment, effectively denying her access to educational opportunities at the RIVER ROUGE SCHOOL DISTRICT, including sports-basketball.

148.    As a result of Defendants' deliberate indifference, Plaintiff was forced to endure a sexually hostile environment on campus, and Plaintiff suffered loss of educational opportunities and/or benefits. Plaintiff has incurred, and will continue to incur, attorney's fees and costs of litigation.

149.    At the time of Defendant, "White's" assaults on Plaintiff, Plaintiff was

unaware, or with reasonable diligence could have been aware, of Defendants' institutional failings with respect to their responsibilities under Title IX because Defendants actively concealed their own misconduct.

150. Defendants maintained a policy and/or practice of deliberate indifference to report "White's" sexual misconduct.

151. Defendants' policy and/or practice of deliberate indifference to reports of Defendant, "White's" sexual misconduct created a heightened risk of sexual assault.

152. Defendants had the ability to prevent Defendant, "White's" abuse but failed to do so.

153. Because of Defendants' policy and/or practice of deliberate indifference, Plaintiff was sexually assaulted by Defendant, "White."

**COUNT V- FAILURE TO TRAIN AND SUPERVISE
UNDER 42 U.S.C. § 1983
(RIVER ROUGE HIGH SCHOOL)**

154. Plaintiff realleges and incorporates by reference the allegations contained in the previous and subsequent paragraphs.

155. Defendants have the ultimate responsibility and authority to train and supervise their employees, agents, and/or representatives including Defendant, "White" and all faculty and staff regarding their duties toward students, faculty, staff and visitors.

156. Defendants failed to train and supervise their employees, agents, and/or representatives including all faculty and staff, regarding the following duties:

a. Perceive, report, and stop inappropriate sexual conduct on and off campus involving students and school faculty;

b.  Provide diligent supervision over student athletes and other individuals, including White";

c.  Report suspected incidents of sexual abuse or sexual assault;

d.  Thoroughly investigate any complaint of sexual misconduct against "White";

e.  Ensure the safety of all students, faculty, staff, and visitors to River Rouge High School's campuses premises;

f.  Provide a safe environment for all students, faculty, staff, and visitors to the River Rouge High School's premises free from sexual harassment; and,

g.  Properly train faculty and staff to be aware of their individual  responsibility for creating and maintaining a safe environment.

h.  The above list of duties is not exhaustive.

157.   Defendants failed to adequately train coaches, trainers, teachers, staff, and others regarding the aforementioned duties which led to violations of Plaintiff's rights.

158.   Defendants' failure to adequately train was the result of Defendants' deliberate indifference toward the well-being of student athletes.

159.   Defendants' failure to adequately train is closely related to or actually caused Plaintiff's injuries.

160.   As a result, Defendants deprived Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

<u>**COUNT VI- CONSTITUTIONAL VIOLATION:**</u>
<u>**EQUAL PROTECTION & DUE PROCESS**</u>
<u>**(All Defendants)**</u>

161.   Plaintiff realleges and incorporates by reference the allegations contained in the previous and subsequent paragraphs.

162.   This claim is brought pursuant to 42 U.S.C. §1983 to vindicate rights guaranteed to Plaintiff under the First, Fifth, and Fourteenth Amendments to the

- -

Constitution of the United States.

163.    Plaintiff enjoyed a constitutional right to equal protection of the laws and a right to bodily integrity and liberty under the Constitution of the United States.

164.    Defendants School District, Coleman and Dr. White acting under color of law, violated Plaintiff's right to equal protection and denied her due process by knowingly facilitating the sexual harassment by White, a coach under their supervision; by their knowing failure to enforce the School District's rules and policies regarding sexual harassment; by their knowing failure to train and instruct White regarding sexual harassment; by their knowing failure to train and instruct the other teachers and staff who were aware of White's conduct to act to end the hostile environment; and by their conscious indifference to the vulnerability of minor Plaintiff.

165.    Defendants failed to act on or investigate the prior constitutional violations caused by White's pervasive actions allowing a continuous, widespread and persistent pattern of sexual assaults. .

166.    Defendants were aware of White's inappropriate conduct both before and after subject incident, yet their deliberate indifference to White's behaviors and actions allowed White to continue to sexually assault student athletes and possibly other female students.

167.    Defendants, in essence, gave White tacit authorization to continue violating Plaintiff's constitutional rights.

168.    River Rouge Schools has the unconstitutional customs or policies of: (a) Failing to investigate evidence of School District employees' tortious misconduct against

students; (b) failing to adequately supervise and train School District employees with regard to protecting students from violations of their rights; (c) failing to effectuate adequate policies and procedures in ensuring protection against the sexual harassment of students by teachers and other students; (d) failing to adequately follow policies and procedures that would protect, safeguard, or remedy incidents of sexual harassment of students by employees and other students; and (e) manifesting indifference towards incidence of sexual harassment of students by employees and other students.

169.    As a direct and proximate result, Plaintiff suffered serious emotional distress and was denied equal and fair access to the educational programs of the District. She will continue to suffer further injuries and losses in the future, including, but not limited to impairment of educational opportunities.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against the School District for compensatory damages, emotional distress damages, interest, costs, attorneys' fees as provided by law, and any other equitable and or injunctive relief that the Court deems to be appropriate.

### COUNT VII- VIOLATION OF TITLE IX 20 U.S.C. § 1681, Et Seq.) (DELIBERATE INDIFFERENCE TO ALLEGED TO SEXUAL ASSAULT) RIVER ROUGE HIGH SCHOOL

170.    Plaintiff realleges and incorporates by reference the allegations contained in the previous and subsequent paragraphs

171.    The sex-based harassment articulated in the Plaintiff's general allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

- -

172.    The Defendant River Rouge High School created and/or subjected Plaintiff
to a hostile educational environment in violation of Title IX of the Education Amendments
of 1972, 20 U.S.C. § 1681(a) ("Title IX"), as follows:

a)  Plaintiff was a member of a protected class;
b)  Plaintiff was subjected to sexual harassment in the form of a sexual assault by a
coach-school official/employee;
c)  Plaintiff was subjected to harassment based on her sex; and
d)  Plaintiff was subjected to a hostile educational environment created by the
School District's lack of policies and procedures and failure to properly investigate
and/or address the sexual assault and subsequent harassment.

173.    Defendant River Rouge High School and its officials had actual knowledge
of the sexual Assault and the resulting harassment of Plaintiff created by its failure to
investigate and discipline Plaintiff's attacker in a timely manner and consistent with its
own policy and federal and state law.

174.    The Defendant River Rouge High School's failure to promptly and
appropriately respond to the alleged sexual harassment, resulted in Plaintiff, on the basis
of her sex, being excluded from participation in, being denied the benefits of, and being
subjected to discrimination in the District's education program in violation of Title IX.

175.    Defendant River Rouge High School failed to take immediate, effective
remedial steps to resolve the complaints of sexual harassment and instead acted with
deliberate indifference toward Plaintiff.

176.    Defendant River Rouge High School persisted in its actions and inaction
even after it had actual knowledge of the harm suffered by Plaintiff.

177.    Defendant River Rouge High School engaged in a pattern and practice of
behavior designed to discourage and dissuade students and parents of students who had

been sexually assaulted from seeking prosecution and protection and from seeking to have sexual assaults from being fully investigated.

178.   This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

179.   Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant River Rouge High School's deliberate indifference to her rights under Title IX.

### COUNT VIII- LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE AS TO RESPONSE TO SEXUAL ASSAULT AS TO DEFENDANT RIVER ROUGE SCHOOL DISTRICT  (42 U.S.C. § 1983)

180.   Plaintiff realleges and incorporates by reference the allegations contained in the previous and subsequent paragraphs.

181.   Defendants were "state actors" working for River Rouge School District, a federally funded school system.

182.   Defendants acted under "color of law" when refusing to respond to Plaintiff's sexual assault on and off school premises.

183.   Defendants failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

184.   Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment, assault, and discrimination.

185.   Defendants should have known that their response to sexual assault

allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

186.    Defendants each violated Plaintiff's right to equal access by:

a.  Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;
b.  Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal investigation;
c.  Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;
d.  Failing to provide a grievance procedure for students to file complaints of sexual discrimination, including complaints of sexual violence. The procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;
e.  Failing to use a preponderance of the evidence standard to resolve complaints of sex discrimination in grievance procedures; and
f.  Failing to notify both parties of the outcome of the complaint.

187.    Defendant River Rouge Schools District violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

188.    These policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

189.    Defendants' actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a result of Defendant School District's deliberate indifference to her right to equal protection under the Fourteenth Amendment.

## **COUNT VIV-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

## AGAINST THE RIVER ROUGE SCHOOL BOARD D/B/A RIVER ROUGE HIGH SCHOOL

190.    Plaintiff realleges and incorporates by reference the allegations contained in the previous and subsequent paragraphs.

191.    The aforementioned acts, omissions and conduct of the Defendant were extreme, outrageous, malicious or with the total disregard or deliberate indifference to the constitutional and civil rights of the Plaintiff and therefore, the Defendant was aware, knew or should have known that its acts, omissions and conduct would cause Plaintiff extreme and severe emotional distress.

192.    Insofar as the Defendant knew or should have known of the conduct in which Plaintiff as being subjected to, including, bullying, harassment, and harassment and the battery on Plaintiff, Defendant had a duty to Plaintiff and/or owed a Plaintiff a duty to intervene so as to prevent further harassing conduct and the sexual assault on Plaintiff and therefore, the acts to Plaintiff and injuries to Plaintiff were foreseeable.

193.    That Defendant breached its duty owed Plaintiff by failing to intervene so as to prevent further harassment by students and said breach resulted in continued harassment, emotional and psychological harm to Plaintiff and the ultimate physical assault and impact to Plaintiff. To this end, the Defendant, River Rouge School Board d/b/a River Rouge High School is responsible for supervising, disciplining, controlling and protecting students  in its control, custody, possession and care, which it failed to do.

## COUNT X -GROSS NEGLIGENCE
### (ALL DEFENDANTS)

194.    Plaintiff realleges and incorporates by reference the allegations contained

in the previous and subsequent paragraphs

195.   At all relevant times herein, Defendants owed a duty of ordinary care to Plaintiff requiring that they exercise that degree of care that a similarly situated person would exercise under same or similar circumstances.

196.   Defendants, upon having notice that Plaintiff was being sexually assaulted, owed Plaintiff a duty to prevent such conduct from recurring in and on school grounds.

197.   The aforementioned misconduct of White and the other Defendants was willful, wanton, reckless and demonstrated a substantial lack of concern for the resulting injuries to Plaintiff.

198.   Because the actions of White and the other Defendants amounted to gross negligence, the defense of governmental immunity is not applicable under Michigan law.

199.   As a direct and proximate result of said misconduct, Plaintiff suffered significant psychological harm, was forced to endure extreme mental and emotional distress, and was subjected to a hostile school environment, all of which continues to this day and is expected to continue into the future.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against the School District for compensatory damages, emotional distress damages, interest, costs, attorneys' fees as provided by law, and any other equitable and or injunctive relief that the Court deems to be appropriate.

## DAMAGES FOR ALL CAUSES OF ACTION

200.   As a direct and/or proximate result of Defendants' conduct, Plaintiff suffered and suffers discomfort, pain of mind and body, shock, emotional distress, physical

manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

201.    These irreparable harms Plaintiff suffers, and will continue suffering, are proven damages typically suffered by young females when sexually assaulted by coach, who was a trusted person.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants and for the following relief:

A. Compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances;

B. Punitive damages;

C. Injunctive relief requiring Defendants to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and /or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and /or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it.

D. Statutory interest;

E. Costs; and

F. Reasonable attorney fees.

Respectfully submitted,

Dated: June 11, 2024                    /s/Renette Jackson
                                        Renette Jackson (P69002)
                                        Attorney for Plaintiff
                                        26677 W. 12 Mile Road
                                        Southfield, MI. 48034
                                        248-910-5415
                                        Arjackson@ajatlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2024, I electronically filed the foregoing Motion for Leave to File Amended Complaint and First Amended Complaint with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

/s/Renette Jackson
Renette Jackson

- -