# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MORIYAH HAMELL,   Case No.: 24-11074

    Plaintiff,   Hon. Shalina D. Kumar

v.

RIVER ROUGE SCHOOL DISTRICT, MARK WHITE and DERRICK COLEMAN,

    Defendants.

| | |
|---|---|
| RENETTE JACKSON (P69002)<br>*Attorney for Plaintiff*<br>26677 W. 12 Mile Road<br>Southfield, MI 480340<br>(248) 910-5415<br>arjackson@ajatlaw.net | TIMOTHY J. MULLINS (P28021)<br>CHRISTOPHER D. MESSING (P78900)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>*Attorneys for Defendants, River Rouge School District and Coleman*<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>cmessing@gmhlaw.com<br><br>David Nacht (P47034)<br>Fabiola Galguera (P84212)<br>*Attorneys for Defendant Mark White*<br>501 Avis Drive, Suite 3<br>Ann Arbor, MI 48108<br>(734) 663-7550<br>dnacht@nachtlaw.com<br>fgalguera@nachtlaw.com |

# DEFENDANT MARK WHITE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES Defendant Mark White, by and through his attorneys, NACHTLAW, P.C., and respectfully submits this Motion to Dismiss Plaintiff's First Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). In support, Mr. White states the following:

1. Plaintiff filed her complaint in the Third Judicial Circuit Court in Wayne County, Michigan on April 9, 2024.

2. The matter was removed to this Court on April 23, 2024 upon the filing of a Notice of Removal by Defendants River Rouge School District and Derrick Coleman.

3. The complaint consisted of four counts labelled "Assault and Battery," "Title IX Violation," "Violation of Constitutional Due Process," and "Violation of Elliott-Larsen Civil Rights Act."

4. Mr. White, through counsel, filed a Motion to Dismiss the original complaint due to all claims being improperly pled and falling outside of the statute of limitations.

5. In lieu of dismissing this matter, Plaintiff was given the opportunity to file an amended complaint.

6. Plaintiff then filed her First Amended Complaint and Jury Demand on June 12, 2024, alleging similar claims against Mr. White.

7. For the very same reasons and pursuant to Fed. R. Civ. P. 12(b)(6), this Court should dismiss Plaintiff's complaint in its entirety.

8. Mr. White further relies on the following Brief in Support.

9. On June 25, 2024, the undersigned's office sought concurrence in this Motion, and attorney Renette Jackson advised that Plaintiff does not concur.

WHEREFORE, for the reasons stated above and in the following Brief in Support, Mr. White respectfully requests that this Court GRANT his Motion to Dismiss Plaintiff's First Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**NACHTLAW, P.C.**

By: /s/ David A. Nacht
David A. Nacht (P47034)
*Attorney for Defendant Mark White*

Dated: June 26, 2024

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 26, 2024, the foregoing Motion was filed with the Clerk of Court using the ECF system, which sends notification of such filing and service of said documents to all parties registered with ECF, through their counsel of record.

/s/ *Karina Alvarez Pimentel*
Karina Alvarez Pimentel
Litigation Manager

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MORIYAH HAMELL,　　　　　　　　　　Case No.: 24-11074

　　　　Plaintiff,　　　　　　　　　　　　Hon. Shalina D. Kumar

v.

RIVER ROUGE SCHOOL DISTRICT, MARK
WHITE and DERRICK COLEMAN,

　　　　Defendants.

| | |
|---|---|
| RENETTE JACKSON (P69002)<br>*Attorney for Plaintiff*<br>26677 W. 12 Mile Road<br>Southfield, MI 480340<br>(248) 910-5415<br>arjackson@ajatlaw.net | TIMOTHY J. MULLINS (P28021)<br>CHRISTOPHER D. MESSING (P78900)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>*Attorneys for Defendants, River Rouge School District and Coleman*<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>cmessing@gmhlaw.com<br><br>David Nacht (P47034)<br>Fabiola Galguera (P84212)<br>*Attorneys for Defendant Mark White*<br>501 Avis Drive, Suite 3<br>Ann Arbor, MI 48108<br>(734) 663-7550<br>dnacht@nachtlaw.com<br>fgalguera@nachtlaw.com |

## DEFENDANT MARK WHITE'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

I. STATEMENT OF RELEVANT FACTS............................................................1

   II. ARGUMENT ...................................................................................................1

   a. Legal Standard ...............................................................................................1

   b. Count I – Criminal Sexual Conduct Assault and Battery...............................2

   c. Count VI – Constitutional Violation: Equal Protection & Due Process ............4

   d. Count X – Gross Negligence ..........................................................................6

CONCLUSION .........................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). ...................................................................................................................2

*Bellinger by Bellinger v. Kram*, 319 Mich. App. 653, 659–60, 904 N.W.2d 870 (2017)..............................................................................................................6

*Caraway v. CoreCivic of Tennessee, LLC*, 98 F.4th 679, 683 (6th Cir. 2024) .........2

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)................................2

*Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 511 (6th Cir. 1996) ...............................................................................5

*Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 959 (E.D. Mich. 2021) 5

*Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024).............................2

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)...............................................................................................................7

*Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989)...............4,5

*Waters v. City of Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001) .....................5

**Statutes**

MCL 600.5805 .............................................................................................................4

MCL 600.5851b ..........................................................................................................5

MCL 691.1407(8)(a). ..................................................................................................6

Michigan's Elliott-Larsen Civil Rights Act...............................................................3

Title VII of the Civil Rights Act ................................................................................3

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................1, 8

ii

NOW COMES Defendant Mark White, by and through his attorneys, NACHTLAW, P.C., and respectfully submits this Brief in Support of his Motion to Dismiss Plaintiff's First Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## I. STATEMENT OF RELEVANT FACTS

After being instructed to do so by this Court, Plaintiff filed an amended complaint in this matter. [ECF No. 9]. The amended complaint contains the following claims against Mr. White: Criminal Sexual Conduct Assault and Battery, Constitutional Violation: Equal Protection & Due Process, and Gross Negligence.

The amended complaint once again contains a *single date* as it pertains to Mr. White, alleging that "on or around Fall of 2017" while at Mr. White's home, Mr. White entered a room she was staying in and touched her vaginal area and breasts. [ECF No. 9, PageID.79]. She further alleges that Mr. White was terminated from his employment in 2017. [ECF No. 9, PageID.87].

Once again, the counts are improperly pled and time-barred by the statute of limitations.

## II. ARGUMENT

### a. Legal Standard

"[A] party may assert the following defenses by motion: [...] failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating

1

a motion under the aforementioned rule, the court must "accept all of the complaint's factual allegations as true and determine whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024), citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "'Threadbare recitals of the elements of a cause of action' and 'conclusory statements' won't do." *Caraway v. CoreCivic of Tennessee, LLC*, 98 F.4th 679, 683 (6th Cir. 2024), quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"[A] motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

### b. Count I – Criminal Sexual Conduct Assault and Battery

Plaintiff's count of "Criminal Sexual Conduct Assault and Battery" is improperly pled and must be dismissed. For starters, criminal sexual conduct and assault and battery are two distinct claims. Criminal sexual conduct constitutes a type of assault and battery, but not every assault and battery is criminal sexual conduct.

Looking at the pleadings does not assist Mr. White of knowing what he is being accused of. Plaintiff discusses the alleged sexual contact that occurred and immediately refers to the elements of assault and battery in Paragraph 104: "Defendant 'White's' sexual touching, and conduct were a violation and offensive to Plaintiff and would have been a violation and offensive to a reasonable person." [ECF No. 9, PageID.84]. Criminal sexual conduct, depending on the degree, requires additional factual allegations.

The following paragraphs create further confusion by referring to what seems to be elements of hostile education environment, sexual harassment, and discrimination, which could fall under two distinct state and federal statutes, Title VII of the Civil Rights Act and Michigan's Elliott-Larsen Civil Rights Act:

"105. Students and team members began saying Defendant "White" and Plaintiff were having an affair.

106. These circumstances created a sexually hostile environment and were sexual harassment.

107. Plaintiff Complained to a teacher, Tony Mack, such that the River Rouge High School and River Rouge School District had or should have had actual knowledge of Defendant "White's" Sex Discrimination And Sexual Harassment.

> 108. River Rouge High School and River Rouge School District, and others took no action to investigate or to protect Plaintiff despite having actual knowledge of Defendant "White's" sex discrimination and sexual assault.
>
> 109. As a proximate result, Plaintiff became very isolated from teachers, students and teammates."

[ECF No. 9, PageID.84]. She additionally refers to the "wrongs" committed by the other defendants.

There is simply no one way to understand exactly what Plaintiff's claim is. It is not Mr. White's job to make sense of what Plaintiff claims; it is Plaintiff's responsibility to adequately put Mr. White on notice. Plaintiff has failed to properly plead a plausible claim against Mr. White and the Court should dismiss accordingly.

### c. Count VI – Constitutional Violation: Equal Protection & Due Process

Count VI is improperly pled as it conflates two separate claims into a single one and, regardless, these claims are time-barred. "Actions brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations from a state's general personal injury statute." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003), citing *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Per MCL 600.5805, the personal injury statute of limitations is three years. Plaintiff fails to allege what deprivations, if any, occurred between April 9, 2021 and April 9, 2024. As such, Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff cannot rely on MCL 600.5851b to modify the statute of limitations regarding constitutional violations. State statute of limitations should not override federal statute of limitations. "Michigan's criminal sexual assault statutes of limitations do not apply to Plaintiffs' federal claims. [...] it is well established that in § 1983 actions, courts must 'borrow the general or residual statute for personal injury actions.'" *Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 959 (E.D. Mich. 2021), quoting *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The statute of limitations would bar recovery under either a due process or equal protection claim.

In order to bring a Section 1983 claim, plaintiff must plead that "(1) she was deprived of a right secured by the Constitution; and that (2) such deprivation occurred under color of state law." *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 511 (6th Cir. 1996). Plaintiff simply alleges that Mr. White was "acting under color of law as to Hamell." [ECF No. 1]. "The key determinant is whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law. Logically, then, not every action undertaken by a person who happens to be a state actor is attributable to the state. Although 'under 'color' of law means under 'pretense' of law,' the acts of state officials 'in the ambit of their personal pursuits' do not constitute state action." *Waters v. City of Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001) [internal

citations omitted]. Plaintiff fails to plead that Mr. White took any action "under color of law;" the only act alleged against Mr. White occurred away from school property, outside of school hours, and outside of the scope of his role as a teacher.

Plaintiff refers to the violations in the same paragraphs without distinguishing the claims and their pertinent elements. [ECF No. 9, PageID.93]. These claims are distinguishable and should not be pled as a unit. Plaintiff's quasi-due process/equal protection claim against Mr. White fails on *multiple* fronts and should be dismissed in its entirety.

### d.  Count X – Gross Negligence

As a preliminary matter, Plaintiff seems to be conflating pleading a distinct count of negligence and pleading sufficient facts to overcome governmental immunity.

"'Gross negligence' means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "Grossly negligent conduct must be conduct that is 'substantially more than negligent.' [] Generally, allegations or evidence of inaction or claims that a defendant could have taken additional precautions are insufficient." *Bellinger by Bellinger v. Kram*, 319 Mich. App. 653, 659–60, 904 N.W.2d 870 (2017) [internal citations omitted].

Plaintiff fails to put Mr. White on notice of what actions she claims arise from gross negligence. First, Plaintiff summarily states: "At all relevant times herein,

6

Defendants owed a duty of ordinary care to Plaintiff requiring that they exercise that degree of care that a similarly situated person would exercise under same or similar circumstances." [ECF No. 9, Page ID.99]. This is textbook definition threadbare and conclusory. It is unclear exactly what duty applies to which defendant. The following paragraph states "Defendants, upon having notice that Plaintiff was being sexually assaulted, owed Plaintiff a duty to prevent such conduct from recurring in and on school grounds." [*Id*.]. Plaintiff cites a single alleged assaultive incident by Mr. White so it is unclear to him what duty he would have owed Plaintiff "to prevent such conduct from recurring in and on school grounds."[1]

---

[1] Plaintiff makes threadbare allegations under the "Introduction" section of her First Amended Complaint that Mr. White assaulted other students. She fails to allege any further facts and notably does not make allegations of further actions by Mr. White against *her*. Plaintiff cannot bring claims against Mr. White for purported actions against anonymous students because she lacks the standing to do so. In order to have standing, "[f]irst, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural' or 'hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). Clearly, Plaintiff has no standing to claim speculative damages from unidentified third parties.

Given that Plaintiff fails to plead a plausible claim of relief and Plaintiff's federal claims fail and should be dismissed against Mr. White, the Court should dismiss this count as well.

### III. CONCLUSION

For the reasons stated above, Mr. White respectfully requests that this Court GRANT his Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Mr. White further requests any relief this Court deems just and appropriate.

Respectfully submitted,

**NACHTLAW, P.C.**

By: /s/ David A. Nacht
David A. Nacht (P47034)
*Attorney for Defendant Mark White*

Dated: June 26, 2024

### CERTIFICATE OF SERVICE

The undersigned certifies that on June 26, 2024, the foregoing Brief was filed with the Clerk of Court using the ECF system, which sends notification of such filing and service of said documents to all parties registered with ECF, through their counsel of record.

/s/ *Karina Alvarez Pimentel*
Karina Alvarez Pimentel
Litigation Manager