# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MORIYAH HAMELL,   Case No.: 24-11074

    Plaintiff,   Hon. Shalina D. Kumar

v.

RIVER ROUGE SCHOOL DISTRICT, MARK WHITE and DERRICK COLEMAN,
Defendants.

| | |
|---|---|
| RENETTE JACKSON (P69002)<br>*Attorney for Plaintiff*<br>26677 W. 12 Mile Road<br>Southfield, MI 480340<br>(248) 910-5415<br>arjackson@ajatlaw.net | TIMOTHY J. MULLINS (P28021)<br>CHRISTOPHER D. MESSING (P78900)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>*Attorneys for Defendants, River Rouge School District and Coleman*<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>cmessing@gmhlaw.com<br><br>David Nacht (P47034)<br>Fabiola Galguera (P84212)<br>*Attorneys for Defendant Mark White*<br>501 Avis Drive, Suite 3<br>Ann Arbor, MI 48108<br>(734) 663-7550<br>dnacht@nachtlaw.com<br>fgalguera@nachtlaw.com |

**DEFENDANT MARK WHITE'S REPLY TO PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT MARK WHITE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COMES Defendant Mark White, by and through his attorneys, NACHTLAW, P.C., and respectfully submits this Reply to Plaintiff's Response and Brief in Opposition to Defendant White's Motion to Dismiss Plaintiff's First Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). In support, Mr. White states the following:

I. **Count I – Criminal Sexual Conduct Assault and Battery**

While it is true that a plaintiff can plead alternate theories of liability under Fed. R. Civ. P. 8(d)(2), a plaintiff must do so *in its pleading proper.* "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the *pleading* is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2) [emphasis added]. This part of the Rule runs together with Fed. R. Civ. P. 8(d)(1), which states, "[e]ach allegation must be simple, concise, and direct." Plaintiff's pleading does not include or address the alternative theories, as these alternative theories are being fleshed out due to Mr. White's Motion to Dismiss. The alternative theories all include different elements, which require different facts to be pled. A response to a Motion to Dismiss should not be used as an opportunity for a plaintiff to expand their pleadings. Looking at the pleading itself, Plaintiff's Count I in her First Amended Complaint is insufficiently pled to capture the alternative theories she wants this Court to consider.

Plaintiff's response highlights how insufficient her pleading is when she was able to provide at least six different theories that could apply, all including different elements. Plaintiff cannot now simply recite the elements of every potential claim that she claims fits in response to a motion to dismiss and state that her pleading is sufficient. Such an approach fails to meet even the most basic standards of pleading.

## II. Counts VI and X – Constitutional Violation: Equal Protection Clause & Due Process and Gross Negligence

Plaintiff's argument that all Defendants are pled into the counts and, therefore, Mr. White cannot be dismissed without the other Defendants also being dismissed is without any legal support. In fact, she does not include a single case to support such a contention. The proposition is absolutely ludicrous; it would allow plaintiffs to bring claims that do not apply to one defendant as long as they are part of a larger group.

Plaintiff, critically, fails to respond to Mr. White's argument that the federal claims brought against him are time-barred. She further fails to respond what wrongs, outside of 2017, Mr. White allegedly perpetrated against her. Mr. White, per her own pleadings was not even a part of the school past 2018. By her own admission, it would have been impossible for Mr. White to have been part of any decision-making as to Plaintiff's education beyond 2018. Plaintiff's federal claims against Mr. White are time-barred and must be dismissed.

III. **CONCLUSION**

For the reasons stated above, and in his main Motion and Brief in Support, Mr. White respectfully requests that this Court GRANT his Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Mr. White further requests any relief this Court deems just and appropriate.

                Respectfully submitted,

                **NACHTLAW, P.C.**

                By: /s/ David A. Nacht
                David A. Nacht (P47034)
                *Attorney for Defendant Mark White*

Dated: July 23, 2024

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 23, 2024, the foregoing Brief was filed with the Clerk of Court using the ECF system, which sends notification of such filing and service of said documents to all parties registered with ECF, through their counsel of record.

                /s/ *Karina Alvarez Pimentel*
                Karina Alvarez Pimentel
                Litigation Manager