UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORIYAH HAMELL,

        Plaintiff,                Judge Robert J. White
                                     Magistrate Judge David R. Grand
v                                 No. 24-11074

RIVER ROUGE SCHOOL DISTRICT,
DR. WILLIE L. WHITE, MARK WHITE,
DERRICK COLEMAN and JANE/JOHN
DOE,

        Defendants.

_____/

| | |
|---|---|
| RENETTE JACKSON (P69002) | TIMOTHY J. MULLINS (P28021) |
| *Attorney for Plaintiff* | CHRISTOPHER D. MESSING (P78900) |
| 26677 W. 12 Mile Road | KATHERINE E. ROSS (P81172) |
| Southfield, MI 480340 | GIARMARCO, MULLINS & HORTON, P.C. |
| (248) 910-5415 | *Attorneys for Defendants, River Rouge School* |
| arjackson@ajatlaw.net | *District, Dr. Willie White and Derrick Coleman* |
| | 101 W. Big Beaver Road, 10th Floor |
| | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | cmessing@gmhlaw.com |
| | kross@gmhlaw.com |
| | |
| | DAVID NACHT (P47034) |
| | NACHTLAW, P.C. |
| | *Attorney for Defendant, Mark White* |
| | 501 Avis Drive, Suite 3 |
| | Ann Arbor, MI  48108 |
| | (734) 663-7550 |
| | dnacht@nachtlaw.com |

## DEFENDANTS',  RIVER ROUGE SCHOOL DISTRICT, DERRICK COLEMAN, AND DR. WILLIE L. WHITE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(c)

Defendants, RIVER ROUGE SCHOOL DISTRICT, DERRICK COLEMAN, and DR. WILLIE L. WHITE by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c), as follows:

## INTRODUCTION

Plaintiff filed the present lawsuit on or about April 9, 2024 alleging various claims under state and federal law arising out of an alleged incident that occurred "on or around the Fall of 2017." (ECF No. 1 at ¶18). Plaintiff's Amended Complaint was filed on June 12, 2024, and makes similar allegations of a sexual assault by co-defendant Mark White. (ECF No. 9 at ¶¶ 98-102). Plaintiff was 16 years old in the fall of 2017. (Pltf. Birth Cert., **Exhibit 1**).

Plaintiff alleges that she reported the alleged assault to "Tony Mack", a teacher. (ECF No. 9 at ¶ 107). She further alleges that Defendant River Rouge School District (hereafter the "District") "had or should have had actual knowledge of Defendant [Mark] White's sex assault, discrimination and sexual harassment". The Complaint does not specify when the alleged complaint to Tony Mack was made.

In her Amended Complaint, Plaintiff asserts nine separate counts, which include claims for Criminal Sexual Assault and Battery, Violation of Civil Rights Under 42 U.S.C. § 1983, Title IX Violations, Violation of the 14th Amendment,

Failure to Train and Supervise, Equal Protection and Due Process Violations, Negligent Infliction of Emotional Distress, and Gross Negligence. It is unclear which Defendant(s) are included within each Count. For example, Count I – Criminal Sexual Conduct Assault and Battery, does not specify which Defendants are allegedly liable for the conduct described. Count V is asserted against River Rouge High School, which is not a legal entity, but rather a school building, and therefore has no legal effect. Other counts are asserted against the School Board, which is not a separate and distinct entity from the School District, though they are treated as such by the Complaint. In any event, all of Plaintiff's claims should be dismissed because they are untimely under the applicable statutes of limitations.

Furthermore, notwithstanding the untimeliness of her claims, Plaintiff has failed to properly plead each of the alleged causes of action as against Defendants Willie White, Coleman, and the District, and therefore judgment on the pleadings in favor of these Defendants is appropriate.

### STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020).

In deciding such a motion, this Court need not accept as true any "conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)(citations and quotations omitted). Rather, "[t]he plaintiff's complaint instead must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Id.*

## LAW AND ARGUMENT

### A. All of Plaintiff's Claims are Barred by the Applicable Statutes of Limitations

#### 1. Plaintiff's Criminal Sexual Assault and Battery Claims are Time Barred

Pursuant to MCL 600.5805(3), the applicable statute of limitations, Plaintiff was required to bring her claims for sexual assault and battery within two years of the alleged occurrence.[1] In this case, more than two years passed between the alleged occurrence in or around the fall of 2017 and filing of the Complaint on April 9, 2024. Therefore, Plaintiff's assault and battery claims are untimely, and dismissal is proper.

#### 2. Plaintiff's Title IX and 1983 Claims are Time Barred

Count II through Count VIII of Plaintiff's Amended Complaint are brought

---

[1] *See also*, *McLain v. Roman Cath. Diocese of Lansing*, No. 165741, 2024 WL 3363931, at *13 (Mich. July 10, 2024) (holding that 2018 amendments of MCL 500.5805 did not apply retroactively).

4

under Title IX and 42 U.S.C. § 1983, which are governed by the state statute of limitations for personal injury claims. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (holding that federal courts borrow the general statute of limitations from the state where the action is brought). Pursuant to MCL 600.5805, the general limitations period for personal injury claims in Michigan, Plaintiff had three years in which to bring her claim. In this case, the only operative date alleged in the Complaint is the fall of 2017. It cannot be disputed that more than three years passed between fall of 2017 and April 9, 2024. Therefore, all of Plaintiff's federal claims are also barred by the applicable statute of limitations.

### 3. *Plaintiff's Negligent Infliction of Emotional Distress Claim and Gross Negligence Claims are Time Barred*

"Count VIV [SIC]" of the Amended Complaint asserts a claim for negligent infliction of emotional distress. Count X asserts a claim for gross negligence. Under MCL 600.5805, the general limitations period for personal injury claims in Michigan, Plaintiff had three years in which to bring her claims under each of these legal theories. In this case, the only operative date alleged in the Complaint is the fall of 2017. It cannot be disputed that more than three years passed between fall of 2017 and April 9, 2024. Thus, these claims are also time barred.

**B. <u>Plaintiff's Claims for Criminal Sexual Assault and Battery Should be Dismissed</u>**

> *1. The District, Dr. Willie White, and Coleman are also Immune from Intentional Tort Claims*

The District, as a governmental entity, is entitled to absolute immunity from the tort claims alleged in this case. MCL 691.1407(1)[2]. This immunity extends to claims of intentional tort. *Smith v. Dept of Public Health*, 428 Mich. 540, 410 N.W.2d 749 (1987). The immunity from tort liability provided by MCL 691.1407(1) is expressed in the broadest possible language and extends to all governmental agencies and applies to all tort liability when the governmental agencies are engaged in the exercise of a government function. *Nawrocki v. Macomb C Rd Comm'n*, 463 Mich. 143, 156; 615 N.W.2d 702 (2000). Moreover, a plaintiff must plead in avoidance of governmental immunity. *Mack .v City of Detroit*, 467 Mich. 186, 203; 649 N.W.2d 47 (2002) (*superseded in part on other grounds by Costa v. Cmty. Medical Ser, Inc,* 475 Mich. 403; 716 N.W.2d 236 (2006)).

In this case, Plaintiff has not pled any of the six exceptions to governmental immunity as against Coleman, Willie, or the District. Therefore, Plaintiff has failed to plead in avoidance of immunity, and dismissal on the pleadings is appropriate.

---

[2] A governmental entity may only be held liable in tort if one of six narrowly construed statutory exceptions to immunity apply, which are the highway exception, sidewalk exception, public building defect exception, sewer exception, medical treatment exception, and proprietary function exception. No exception has been pled in this case and none apply.

6

Further, Superintendent Coleman has absolute immunity as the highest executive officer of a governmental entity. See MCL 691.1407(5) ("highest appointive executive official of all levels of government are immune from tort liability for injuries").

In this case, for her alleged assault and battery claims, Plaintiff does not allege any act by Defendant Coleman or Defendant Willie White amounting to physical contact, or a threat of physical contact, giving rise to claims for sexual assault or battery. Accordingly, Plaintiff's assault and battery claims fail on their face, and dismissal is appropriate.

## C. **Plaintiff's Title IX Claim Should be Dismissed**

### 1. *No Individual Liability Under Title IX*

Title IX prohibits individuals from being discriminated against based on sex. 20 U.S.C. § 1681. The Complaint alleges Title IX Liability for sexual assault as to all Defendants, however, individuals are not subject to Title IX Liability. *Bose v. Bea*, 947 F.3d 983 (6th Cir. 2020). Therefore, Defendant Coleman and Defendant Wille White cannot be liable under Title IX and Plaintiff's claim against Coleman and Willie White should be dismissed.

### 2. *Plaintiff's Title IX Claim Against the District Should be Dismissed*

A school district can only be held liable for sexual harassment claims if it is proven that alleged harassment was both severe and pervasive, and the school district

7

had actual notice and exhibited "deliberate indifference" to the reported harassment. *Davis v. Monroe County Board of Education*, 526 U.S. 629, 143 L. Ed. 2d 839, 119 S. Ct. 1661 (1999). Actual notice requires that someone with administrative authority be informed of the alleged harmful conduct. *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 492 (2006) (holding District did not have notice of alleged harassment because notice was not provided to any administrative official).

The Supreme Court has cautioned that civil rights legislation like Title IX is not a general civility code and should not be interpreted as such. *Oncale v. Sundowner Offshore Serv.,* 523 U.S. 75, 81 (1998). The Sixth Circuit has held that, to be actionable, the harassment must be severe **AND** pervasive **AND** objectively offensive sex-based harassment. *Kollaritsch v. Michigan State Univ. Bd. of Trustees,* 944 F.3d 613, 621 (6th Cir. 2019). "'Severe' means something more than just juvenile behavior among students, even behavior that is antagonistic, non-consensual, and crass. The *Davis* Court made an explicit admonishment that 'simple acts of teasing and name-calling' are not enough, 'even where these comments target differences in gender.'" *Id*. citing *Davis*, 526 U.S. at 652. "'Pervasive' means 'systemic' or 'widespread.'" *Id*. "'Objectively offensive' means behavior that would be offensive to a reasonable person under the circumstances, not merely offensive to the victim." *Id*.

The standard for actionable conduct under Title IX is much higher than under

Title VII. See *Davis*, 526 U.S. at 653. "[W]hile 'severe and pervasive conduct' is a familiar phrase—one borrowed from the 'hostile work environment' jurisprudence of Title VII—it has a distinct application in Title IX." *Hoffman v. Saginaw Pub. Sch.*, 2012 WL 2450805, at *6 (E.D. MI. 2012). The reason for requiring this heightened level is because "[c]ourts…must bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable among adults." *Davis*, 526 U.S. at 651. "[S]tudents are still learning how to interact appropriately with their peers. It is thus understandable that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it." *Id.* at 651-652.

In peer harassment cases, Title IX's actionable harassment standard is indeed a high bar. In *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 363 (6th Cir. 2012), for instance, the Sixth Circuit held that harassment comprising a shove into a locker, an "obscene sexual gesture," and a "request for oral sex" did "not rise to the level of severe, pervasive, and objectively offensive conduct." In *Hawkins v. Sarasota Co. Sch. Bd.*, 322 F.3d 1279, 1281 (11th Cir. 2003), the Eleventh Circuit found that a student's repeated sexually explicit and vulgar remarks, including "suck [the girls'] breasts till the milk came out," that he wanted [the girls] to "suck the juice from his penis," and that "he wanted [the girls] to have sex with him" to girls, touch girls on

their chest, and try looking up their skirts also was not severe and pervasive enough to meet this high threshold. *Id.* at 1289 ("assuming that the behavior was severe, pervasive, and objectively offensive, it was not *so* severe, pervasive, and objectively offensive that it had the systemic effect of denying the girls equal access to education."). In *Sanches v. Carrollton–Farmers Br. Ind. Sch. Dist.* 647 F.3d 156, 165–66 (5th Cir. 2011), the Fifth Circuit rejected the plaintiff's Title IX claim, where the behavior included calling the plaintiff a "ho" and starting rumors that she was pregnant and had a hickey on her breast, determining that the behavior was more properly described as "teasing or bullying than as sexual harassment."

Moreover, in determining whether Plaintiff experienced a hostile environment, a court may only consider conduct that occurred in the school. It is well established that a school district can be held liable for "harassment only where the school 'exercises substantial control over both the harasser and the context in which the known harassment occurs.'" *Gordon v. Traverse City Area Pub. Schools*, 686 Fed. Appx. at 324; *Ostrander v. Duggan*, 341 F.3d 745, 750 (8th Cir. 2003). "A school district ... exercises substantial control over the circumstances of the harassment when it occurs 'during school hours and on school grounds.' " *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665 (2d Cir.2012)(quoting *Davis*, 526 U.S. at 646). Conduct occurring outside of school, such as on social media, is not actionable under Title IX. *Gordon*, 686 Fed.Appx. at 324. In *Gordon*, the Sixth

10

Circuit found that the school district was not liable for online harassment because it occurred outside of school. *Id.* In *Ball v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, No. 2:20-CV-2681, 2022 WL 594799, at *8 (S.D. Ohio Feb. 28, 2022), when dismissing claims of racial slurs made after school and on Snapchat, the court held that "[w]hen an incident occurs off campus and outside school hours, the school does not exhibit substantial control over the harasser and the context. Those actions cannot be used as evidence of deliberate indifference."

Plaintiff purports to plead Title IX violations in Count II, Count IV, and Count VII of her Complaint. In none of those counts does Plaintiff plead any facts demonstrating actual knowledge to the anyone at the administrative level at the District of the assault itself, or any alleged peer harassment. Rather, Plaintiff pleads, in conclusory terms, that "Defendants deliberately exposed Plaintiff to a dangerous sexual predator, Defendant, 'White' knowing he could and would cause serious damage by sexually assaulting female students, especially female student athletes, on campus." (ECF. No. 9 at PageID 85). Plaintiff does not plead any facts to demonstrate actual knowledge to anyone at the administrative level that Defendant Mark White was a "dangerous sexual predator", much less that there was reason for anyone in administration to believe that Defendant Mark White would assault anyone on campus. Indeed, the only sexual act alleged in the Amended Complaint admittedly occurred off campus and outside the school's area of control.

11

Finally, a single act will not establish a Title IX claim. Before there can be liability under the statute, Plaintiff must establish that after having "actual" notice of an incident of actionable sex harassment, the school's deliberate indifference to that harassment caused further harassment to occur. *Kollaritsch*, 944 F.3d at 623. The Amended Complaint asserts one instance of alleged sexual harassment, which occurred in or around the Fall of 2017 and not on school property. Plaintiff does not allege that she was subjected to additional discrimination on the basis of sex. Her case should be dismissed.

## D. Plaintiff's 42 U.S.C. § 1983 Claims Should Be Dismissed

### 1. *Plaintiff has Failed to Properly Plead Claims Against Coleman and Willie White*

Individual defendants are entitled to a qualified immunity defense to § 1983 claims. *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010). In *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), the Court ruled:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

There are two general steps to a qualified immunity analysis. The court must determine whether "the facts alleged show the officer's conduct violated a constitutional right" and whether that right was "clearly established." *Saucier v.*

*Katz*, 533 U.S. 194, 201-02, (2001). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Binay*, 601 F.3d at 647.

The clearly established standard demands that the legal principle "clearly prohibit the officer's conduct in the particular circumstances before him...." *Wesby*, 138 S.Ct. at 590. (emphasis added); *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015). The Sixth Circuit summarized the "clearly established" requirement in *Stevens-Rucker v. City of Columbus*: "plaintiff must show that the right was clearly established in a 'particularized sense,' such that a reasonable officer confronted with the same situation" would know that their conduct would violate the constitutional right at issue. 739 F. App'x 834, 839 (6th Cir. 2018).

In this case, Plaintiff's various 1983 claims against Defendants Coleman and Willie White should be dismissed because those Defendants, as individuals, are entitled to qualified immunity. Plaintiff has not alleged that either Coleman or Willie White participated in or encouraged the alleged assault. Plaintiff's Amended Complaint does not allege any conduct by Coleman or Willie White that would establish a violation of a constitutional right. She alleges that all Defendants were "acting under color of law", but never alleges any action(s) by Coleman or Willie White that caused or contributed in any way to the alleged harm. As such, Plaintiff's has failed to properly plead her claim against Coleman and Willie White, and this

13

case should be dismissed.

### 2. *Plaintiff has Failed to Properly Plead a Claim Against the District*

To determine whether the District can be held liable under 42 U.S.C. § 1983, Courts look to (1) whether the plaintiff has asserted that she has been deprived of a constitutional right; and (2) whether the municipal educational entity is responsible for that violation. *Doe v. Claiborne Cnty*., 103 F.3d 495, 505–06 (6th Cir.1996). As for the second element, municipal entities, such as school districts, cannot be held vicariously liable for the constitutional violations committed by their employees. *Monell v. N.Y. City Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978). For liability to attach, Plaintiff must plead, and prove, that the District had a custom or policy that inflicted the alleged injury. *Id.* at 694-95.

Plaintiff cannot establish the first element of 1983 municipal liability claim, so her claim against the School District should be dismissed. As stated above, Plaintiff has not pled facts to demonstrate a constitutional violation. Because no constitutional violation has been alleged, Plaintiff's Sec. 1983 claim against the District cannot survive as a matter of law. "[When] no constitutional violation occurred, there can be no *Monell* claim against the [Township], regardless of its policies." *Farinacci v. City of Garfield Hts.*, 2010 WL 1268068, at *5 (N.D. OH. 2010), aff'd, 461 Fed.Appx. 447 (6th Cir. 2012). *See also*, *McCoy*, 515 Fed.Appx. at 393, where the Sixth Circuit also held that the absence of deliberate indifference

14

pursuant to a Title IX claim is fatal to a companion municipal liability claim made or under section 1983).

Further, Plaintiff has not alleged the incident from in or around the fall of 2017 occurred as a result of a policy or custom of the District. She has not stated any specific facts even remotely suggesting some custom or policy caused or contributed to the alleged assault. The alleged incident did not occur on school property. Moreover, she has not pled any facts stating what purported harassment or rumors she was subjected to, how they violated her constitutional rights, or that they were the result of some custom or policy instituted by the District. Thus, Plaintiff's has failed to plead a viable cause of action, and her 1983 claims should be dismissed.

### E. Plaintiff's Gross Negligence Claim Should Be Dismissed

Finally, Plaintiff has not properly pled a claim for Gross Negligence.

MCL 691.1407(2) provides as follows:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, *each officer and employee* of a governmental agency, *each volunteer* acting on behalf of a governmental agency, and *each member of a board, council, commission, or statutorily created task force* of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:
>
> (a) *The officer, employee, member, or volunteer* is acting or

15

        reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) ***The officer's, employee's, member's, or volunteer's*** conduct does not amount to gross negligence that is the proximate cause of the injury or damage. (emphasis added).

The unambiguous language of MCL 691.1407(2) does not permit liability for a governmental entity's alleged gross negligence. When construing the statute, the primary task is to give effect to the intent of the Legislature. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). "If the statutory language is unambiguous, we must presume that the Legislature intended the meaning it clearly expressed and further construction is neither required nor permitted." *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005).

The plain language of MCL 691.1407(2) clearly indicates that liability for gross negligence is only permitted against ***the individual actor***, not the governmental entity. Thus, Plaintiff's gross negligence claims against the School District fail at the outset. There is nothing in the language of the statute that demonstrates an intent to hold a governmental entity liable for the gross negligence of an individual. See *Yoches v City of Dearborn*, 320 Mich App 461, 476; 904 NW2d 887 (2017). Accordingly, Plaintiff's claim of gross negligence against the District fails as a matter of law, thus entitling the District to dismissal of this claim.

In addition, "Gross negligence" is defined as "conduct so reckless as to

16

demonstrate a substantial lack of concern for whether an injury results." MCL
691.1407(8)(a). Michigan Courts have consistently held that "[e]vidence of ordinary
negligence is not enough to establish a material question of fact regarding whether
a government employee was grossly negligent." *Woods v City of Detroit*, 323 Mich
App 416, 423-424; 917 NW2d 709 (2018) (citations omitted). Thus, a plaintiff must
present evidence that a defendant's conduct "was substantially more than negligent."
*Costa v Community Emergency Med Servs Inc*, 475 Mich 403, 411; 716 NW2d 236
(2006). Further, a plaintiff must establish that the gross negligence of the
governmental employee was "the proximate cause of the injury." MCL 691.1407(2);
*Kendricks v. Rehfield*, 270 Mich App 679, 682; 716 NW2d 623 (2006). It is well
established that the statute's use of the phrase "the proximate cause" means **"the one
most immediate, efficient and direct cause preceding an injury."** *Robinson v City
of Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000); *Ray v Swager*, 501 Mich 52;
903 NW2d 366 (2017).

In this case, it cannot be disputed that the one most immediate, efficient and
direct cause of the alleged assault was the conduct of Mark White, which occurred
entirely outside of control of the school. Plaintiff has not pled any acts by Defendants
Coleman or Willie White that could be construed as "the" proximate cause of the
alleged assault committed by Mark White. Accordingly, Plaintiff's gross negligence
claim also fails as a matter of law.

17

## CONCLUSION

Based on the foregoing, Plaintiff's Amended Complaint should be dismissed because it is untimely and fails to adequately plead any of the four separate counts asserted as against Defendants Coleman, Wille White, and the District. Therefore, dismissal is proper.

## RELIEF REQUESTED

WHEREFORE, Defendants, Derrick Coleman, Willie White, and The River Rouge School Board a/k/a River Rouge School District, respectfully request that this Honorable Court GRANT their motion to dismiss pursuant to Fed. R. Civ. P. 12(c).

/s/TIMOTHY J. MULLINS
CHRISTOPHER D. MESSING (P78900)
KATHERINE E. ROSS (P81172)
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, River Rouge School
District and Coleman

DATED: August 28, 2024

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on August 28, 2024, he did serve a copy of the **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c)** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
CHRISTOPHER D. MESSING (P78900)
KATHERINE E. ROSS (P81172)
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, River Rouge School
District and Coleman
101 W. Big Beaver Road, 10th Floor

18

Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021