UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORIYAH HAMELL,

        Plaintiff,                  Judge Robert J. White
                                        Magistrate Judge David R. Grand
v                                    No. 24-11074

RIVER ROUGE SCHOOL DISTRICT,
DR. WILLIE L. WHITE, MARK WHITE,
DERRICK COLEMAN and JANE/JOHN
DOE,

        Defendants.
_____/

## DEFENDANTS,  RIVER ROUGE SCHOOL DISTRICT, DERRICK COLEMAN, AND DR. WILLIE L. WHITE'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(c)

Defendants, RIVER ROUGE SCHOOL DISTRICT, DERRICK COLEMAN, and DR. WILLIE L. WHITE, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) as follows:

### A. Plaintiff's State Law Claims Are Without Merit

Plaintiff's Response to Defendant's Motion was filed 39 days after Defendants' Motion, making it untimely. L.R. 7.1(e)(2)(A). Furthermore, even if her claims were not barred by the statute of limitations, Plaintiff presents no law to

demonstrate her claims are properly pled against these Defendants.[1]

As to Plaintiff's Negligent Infliction of Emotional Distress claim, Plaintiff fails to raise any argument that such a claim survives governmental immunity and, thus, she has abandoned that claim. *See MOSES Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006) ("If a party fails to adequately brief a position, or support a claim with authority, it is abandoned.").

On page 9 of her Response Brief,  Plaintiff appears to argue that her intentional tort claims survive governmental immunity because "under Title IX of the Federal Education Amendments (1972), school boards are liable for student on student sexual harassment…" (ECF No. 21 at PageID. 249). She goes on to state that "[t]he Court must consider whether the criminal sexual conduct alleged in Plaintiff's complaint demonstrates a deliberate indifference to known acts of harassment." (ECF No. 21 at PageID. 250). Plaintiff appears to argue that her state intentional tort claims survive by vague references to Federal Title IX law. Yet, Title IX is a Federal act that is separate and distinct from state intentional tort law and has no bearing on the applicability of the GTLA to Plaintff's intentional tort claims. In any event, her Response brief, like her Complaint, offers no facts to suggest Defendants Coleman

---

[1] Plaintiff asserts on Page 12 of her Response that the Michigan State Legislature passed three bills in June 2024 that would extend the CSC statute of limitations and also limit governmental immunity. (ECF No. 21 at PageID. 252). That is a false statement. The only citation offered by Plaintiff is to HB 4486, which was not passed by the Michigan Senate. There has been no change to governmental immunity.

or Willie White performed any act that meets the definition of an assault or a battery. Plaintiff's intentional tort claims should be dismissed.

As for her gross negligence claim, Plaintiff again misstates the law and appears to argue that gross negligence somehow amounts to an intentional tort. (ECF No. 21 at PageID. 254-55). Gross negligence and intentional tort are separate and distinct causes of action. As stated in Defendants' Motion to Dismiss, the gross negligence exception applies only to individual defendants. *See Yoches v City of Dearborn*, 320 Mich. App. 461, 476; 904 N.W.2d 887 (2017).  Additionally, to be liable, Plaintiff must demonstrate that the named individual actor was "the proximate cause of the injury." MCL 691.1407(2); *Kendricks v. Rehfield*, 270 Mich. App. 679, 682; 716 NW2d 623 (2006). It is well established that the statute's use of the phrase "the proximate cause" means "the one most immediate, efficient and direct cause preceding an injury." *Robinson v City of Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000); *Ray v. Swager*, 501 Mich 52; 903 NW2d 366 (2017).

In this case, Plaintiff admits on page 19 of her Response: "Plaintiff concedes that the sexual assault was the direct cause of the conduct of Defendant Mark White…" (ECF No. 21 at PageID. 259). Thus, it is not disputed that the proximate cause of the alleged sexual assault was Defendant Mark White. Accordingly, Plaintiff's gross negligence claims against Defendants Coleman, Willie White, and the District should be dismissed.

B. **Plaintiff's Federal Law Claims Are Without Merit**

Plaintiff's Response ignores that there can be no Title IX liability for individual defendants. *Bose v. Bea*, 947 F.3d 983 (6th Cir. 2020). Thus, the claims against Defendants Coleman and Willie White are improper.

Further, Plaintiff has offered no facts to support the conclusory allegation that "all Defendants indirectly encouraged the alleged sexual assault conduct of Defendant Mark White, by his hiring, and subsequent failure to properly supervise or monitor activities to protect students from an alleged sexual predator." (ECF No. 21 at PageID. 252). Plaintiff offers no facts demonstrating how any Defendant encouraged the alleged sexual assault, which she admits occurred outside of school and therefore beyond the District's area of control.[2] She offers no facts to demonstrate how, as she claims, the District knew or should have known that Defendant Mark White was a sexual predator at the time he was hired. She fails to demonstrate that any administrator had actual notice of the alleged assault. *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 492 (2006) (holding the District did not have notice of alleged harassment because notice was not provided to any administrative official). The only alleged notice to the District is Plaintiff's

---

[2] *See Davis Next Friend LaShonda D v Monroe Co Bd of Ed*, 526 US 629, 630; 119 S Ct 1661, 1665; 143 L Ed 2d 839 (1999)(holding that "the harassment must take place in a context subject to the school district's control." *See also Nungesser v. Columbia University*, 244 F.Supp.3d 345, 369 (S.D. NY 2017)(school not liable for "conduct over which an educational institution has no control. . . )

4

alleged, undated, report to "Tony Mack", a teacher, and thus not someone whose knowledge constitutes actual notice to the District. Accordingly, Plaintiff's Title IX claim fails on the pleadings and should be dismissed.

Finally, Plaintiff's Response fails to present an argument as to why any of her various § 1983 claims should not be dismissed. Thus, those claims have been abandoned. *MOSES Inc., supra.*

## C. Plaintiff's Claims Are Barred by the Statute of Limitations

Plaintiff argues that the 2018 enactment of MCL 600.5851b(1)(a) extended the statute of limitations on her state law tort claims of Criminal Sexual Assault and Battery; Negligent Infliction of Emotional Distress; and Gross Negligence until she reaches age 28. It is undisputed that the only alleged tortious act in this case occurred in the Fall of 2017. Plaintiff fails to provide a citation to any law indicating MCL 600.5851b(1)(a) applies retroactively to her claims.

In *McLain v. Roman Cath. Diocese of Lansing*, No. 165741, 2024 WL 3363931, at *12 (Mich. July 10, 2024) the Michigan Supreme Court held that MCL 600.5851b(1)(b) did not apply retroactively. The plain language of MCL 600.5851b(3) specifies when the statute may apply retroactively:

> (3) Regardless of any period of limitation under subsection (1) or sections 5805 or 5851, an individual who, while a minor, **was the victim of criminal sexual conduct after December 31, 1996** *but* **before 2 years before the effective date of the amendatory act** that added this section may commence an action to recover damages sustained because of the criminal sexual conduct **within 90 days after the effective date of the amendatory act that added**

**this section *if* the person alleged to have committed the criminal sexual conduct was convicted of criminal sexual conduct against any person under section 520b of the Michigan penal code, 1931 PA 328, MCL 750.520b, *and* the defendant admitted either of the following:**

> (a) That the defendant was in a position of authority over the victim as the victim's physician and used that authority to coerce the victim to submit.

> (b) That the defendant engaged in purported medical treatment or examination of the victim in a manner that is, or for purposes that are, medically recognized as unethical or unacceptable. [*Emphasis added*].

Plaintiff's claim plainly does not meet the above specified criteria for retroactive application. First, the amendatory act that added 5851b was enacted June 12, 2018. P.A. 2018 No. 183, Imd. Eff. June 12, 2018. The Fall of 2017 was less than two years before June 12, 2018, and thus does not fall between December 31, 1996 and two years *before* the date of the enactment of the statute (June 12, 2016). Thus, the tolling provision in subsection (3) is inapplicable to Plaintiff's claim.

Further, even had Plaintiff's claim fallen within the accrual period specified in subsection (3) (it did not), she would have had 90 days from the date of the enactment of 5851b, June 12, 2018, to bring her claim. She did not, as her claim was not filed until April 9, 2024.

Finally, even had her claim fallen within the specified date range (it does not), and even if she had brough her claim within the 90 days of tolling (she did not), her claim would still only have been tolled *if* Defendant Mark White had been convicted of criminal sexual conduct (he was not) *and* Defendant Mark White admitted to

using his authority as her physician to coerce; *or* Defendant Mark White admittedly engaged in unethical or unacceptable medical practices. It is undisputed that Defendant Mark White is not a physician. Thus, MCL 600.5851b does not apply retroactively to Plaintiff's claims.

As to her federal claims under § 1983 and Title IX, "Michigan's criminal sexual assault statutes of limitations do not apply to Plaintiffs' federal claims." *Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 959 (E.D. Mich. 2021). In *Forrester*, this Court held that the general limitation period for personal injury claims in Michigan of three years applies to Federal civil rights claims, including claims brought under § 1983 and Title IX. *Id.* As applied to this case, because more than three years have passed since the Fall of 2017, all of Plaintiff's Federal claims are time barred and should be dismissed.

### RELIEF REQUESTED

WHEREFORE, Defendants, Derrick Coleman, Willie White, and The River Rouge School Board a/k/a River Rouge School District, respectfully request that this Honorable Court GRANT their motion to dismiss pursuant to Fed. R. Civ. P. 12(c).

/s/TIMOTHY J. MULLINS
CHRISTOPHER D. MESSING (P78900)
KATHERINE E. ROSS (P81172)
GIARMARCO, MULLINS & HORTON, PC
Attorneys for Defendants, River Rouge
School District, Dr. Willie White and Derrick
Coleman

DATED: October 21, 2024

<u>**CERTIFICATE OF ELECTRONIC SERVICE**</u>

TIMOTHY J. MULLINS states that on October 21, 2024, he did serve a copy of **Defendants, River Rouge School District, Derrick Coleman, and Dr. Willie L. White's Reply Brief in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c)** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
CHRISTOPHER D. MESSING (P78900)
KATHERINE E. ROSS (P81172)
GIARMARCO, MULLINS & HORTON, PC
Attorneys for Defendants, River Rouge School District, Dr. Willie White and Derrick Coleman
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021